BOWEN *v.* BROGAN.

1. MORTGAGES—VOID FORECLOSURE.

   A sheriff's deed on foreclosure of a mortgage upon which nothing was due at the time of foreclosure passes no title to the purchaser.

2. SAME—PAYMENT OF INTEREST—LIFE TENANT AND REMAINDER-MAN.

   As between the owner of the fee and of a life estate in mortgaged property, the owner of the life estate is charged with the duty of paying the interest upon the incumbrance.

3. SAME—TITLE THROUGH ONE'S OWN DEFAULT.

   A life tenant cannot, by neglecting this duty and allowing the mortgage to be foreclosed, acquire title through the foreclosure sale, and cut off the remainder-man.

4. SAME—VOID SALE—EJECTMENT.

   Ejectment may be maintained against a mortgagee in possession under a void or irregular foreclosure.

5. SAME—CONTRIBUTION BY REMAINDER-MAN.

   A grantee of a deceased life tenant, in possession under an invalid foreclosure of a mortgage to which the life estate was subject, cannot enforce contribution from the remainder-man as a condition to the latter's recovery in ejectment.

6. ADVERSE POSSESSION—TENANCIES.

   There can be no adverse possession against a remainder-man, by one claiming through a life tenant, during the lifetime of such tenant.

Error to Calhoun; Smith, J. Submitted October 4, 1898. Decided January 20, 1899.

Ejectment by Edwin Bowen and others against Patrick Brogan and wife. From a judgment for defendants, plaintiffs bring error. Reversed.

*Jesse M. Hatch* (*Louis C. Miller,* of counsel), for appellants.

*Frank W. Clapp,* for appellees.

·MOORE, J. Plaintiffs, as heirs at law of David Bowen, deceased, commenced an action of ejectment to obtain possession of real estate occupied by defendants. The case was tried before the circuit judge, who decided in favor of defendants.

David Bowen, at the time of his death, was the owner of the land in question. He was in possession of the land at the time of his death, in 1872. He left no children surviving him, but left a widow and an adopted son. He left no will. In 1871, Mr. Bowen gave Mr. McKinstry a mortgage upon the land in question, for $700, payable October 10, 1880. The interest was payable annually. The mortgage contained an interest clause, providing that, if default was made in the payment of interest, the principal might be treated as due. A foreclosure of this mortgage, by advertisement, was commenced in March, 1874, which notice stated that there was due, as principal and interest, $645.15. June 19, 1874, the sheriff sold the property to Robert Murphy for $735.80, and issued to him a sheriff's deed, which was recorded June 24, 1875. On the same day, Mr. Murphy gave a quitclaim deed of the premises to the widow of David Bowen, who had again married. She had remained in possession of the premises all of the time, and continued to remain in possession of them up to the time of her death, which occurred in December, 1886. Prior to June, 1875, Mrs. Bowen was appointed administratrix of her husband's estate, and was such administratrix at the time the land was deeded to her by Mr. Murphy. The adopted son of Mr. and Mrs. Bowen died in December, 1873; and it is altogether probable the Bowens regarded this son as their legal heir, as the law under which he was adopted was not declared unconstitutional until after the death of Mrs. Bowen. After the death of Mrs. Bowen, the land was assigned by the probate court to Richard White and Kate Donahue, as the only heirs of Mrs. Bowen, and they sold the premises to Patrick Brogan and his wife.

It is the claim of the plaintiffs that, at the time the

mortgage was foreclosed, the interest and part of the principal had been paid, and nothing was due upon it, so that the foreclosure proceeding was a void proceeding, and no title was obtained through it. The circuit judge found there was paid in July, 1873, upon this mortgage, $547.20. We think this finding was justified by competent and material testimony. If this amount was paid, it is evident there was nothing due upon the mortgage when it was foreclosed, and the right to foreclose it did not exist, and no legal title was obtained by the foreclosure.

There are also other objections to the defense which is interposed here. In the absence of a will and of children, Mrs. Bowen's interest in her husband's real estate was a life interest (2 How. Stat. § 5772a, subd. 2); and, upon the death of Bridget Bowen, the mother and the two brothers of David Bowen, deceased, would be entitled to the property (Id. subd. 3). Mrs. Bowen, then, being possessed of the life estate, and the plaintiffs in this case being the remainder-men, what was the duty of Mrs. Bowen in relation to the real estate and the mortgage upon it? The rule is well settled that, as between the owners of the fee and the life estate of incumbered property, the owner of the life estate is charged with the duty of paying the interest upon the incumbrance. *Campbell* v. *Campbell*, 21 Mich. 438; *Defreese* v. *Lake*, 109 Mich. 415 (32 L. R. A. 744, 63 Am. St. Rep. 584); *Damm* v. *Damm*, 109 Mich. 619 (63 Am. St. Rep. 601). It, then, being the duty of Mrs. Bowen to pay the interest upon the mortgage, by neglecting the duty, and allowing the mortgage to be foreclosed, she could not, by acquiring the property through the foreclosure sale, cut off the title of the remainder-men. To allow her to do so would be to allow her to profit by her neglect of duty. *Dubois* v. *Campau*, 24 Mich. 370; *Connecticut, etc., Ins. Co.* v. *Bulte*, 45 Mich. 113; *Whitney* v. *Salter*, 36 Minn. 103 (1 Am. St. Rep. 656).

It is claimed by defendants that, there having been a foreclosure of this mortgage, even though the foreclosure

is irregular, the purchaser is subrogated to the rights of the mortgagee, and, being in possession, ejectment is not the proper remedy, but the proceeding must be in a court of equity; citing *Gage* v. *Sanborn*, 106 Mich. 270, and *Gale* v. *Eckhart*, 107 Mich. 465. It is also claimed that as Bridget Bowen was under no obligations to pay the principal of the mortgage, and the remainder-men were bound to pay it, this action cannot be sustained until the amount which the remainder-men should pay has been paid by them; citing *Whitney* v. *Salter*, *supra*, and *Daviess* v. *Myers*, 13 B. Mon. 511.

The last-named authorities sustain the doctrine as contended for by defendants; but a very different rule prevails in this State as to the right of the mortgagee in the mortgaged property from what obtains in many of the States. The mortgage is not a grant of the land to the mortgagee, defeasible upon condition subsequent, and to become absolute on failure to pay at the specified time. It is a mere security, the estate in the land and the right of possession remaining in the mortgagor until the mortgage is foreclosed and the equity of redemption has expired. *Caruthers* v. *Humphrey*, 12 Mich. 270; *Crippen* v. *Morrison*, 13 Mich. 23; *Newton* v. *Sly*, 15 Mich. 391; *Hogsett* v. *Ellis*, 17 Mich. 351; *Newton* v. *McKay*, 30 Mich. 380; *Wagar* v. *Stone*, 36 Mich. 364. It cannot be said in this case that defendants are in possession by any act of the mortgagor. The maker of the mortgage was dead. The only persons having any interest in the mortgage, besides the mortgagee, so far as the record discloses, at the time of the attempted foreclosure, were Mrs. Bowen and the heirs at law of Mr. Bowen. Mrs. Bowen could not consent to put the mortgagee in possession at the time of the foreclosure; for, as we have already seen, it was her duty to pay the interest and to prevent the foreclosure. It does not appear the heirs at law ever consented to the foreclosure proceedings, or to the mortgagee's taking possession thereunder. Ejectment may be maintained against the mortgagee in possession under a void, invalid, or

irregular foreclosure. *Humphrey* v. *Hurd*, 29 Mich. 44; *Newton* v. *McKay*, 30 Mich. 380; *Sherrid* v. *Southwick*, 43 Mich. 515.

It is claimed title inures to defendants by reason of adverse possession. We have already seen that, by virtue of the statute, Mrs. Bowen had a life estate in the land. It is well settled that a life tenant in possession does not hold adversely to the remainder-men. *Lumley* v. *Haggerty*, 110 Mich. 552 (64 Am. St. Rep. 364); *Gindrat* v. *Western Railway*, 96 Ala. 162 (19 L. R. A. 839). Mrs. Bowen died in 1886. This action was brought in 1897. Title by adverse possession was not acquired by defendants.

Judgment is reversed, and a new trial ordered.

The other Justices concurred.