LEWIS v. WRIGHT.

LIFE ESTATES—MORTGAGE—DUTY OF LIFE TENANT.

Where a will creating a life estate, which was accepted, imposed upon the life tenant the duty of paying the interest upon debts secured by mortgage upon the land, but he allowed the premises to be sold upon foreclosure, and after the time for redemption expired repurchased them on contract for the amount of the arrearages, his act inured to the benefit of the remaindermen, and on his death they became the owners of his rights under the contract.

Appeal from Clinton; Searl, J. Submitted April 5, 1907. (Docket No. 19.) Decided April 30, 1907.

Bill by Lena A. Lewis and John D. Wright against Sarah Anne Wright, Fred B. Carpenter, administrator of the estate of Fred D. Wright, deceased, and others, for subrogation to the rights of Fred D. Wright, deceased, in a land contract, and for an accounting. From a decree awarding a lien to complainant Lewis, and dismissing the bill in other respects, complainants appeal. Reversed, and decree entered for complainants.

*Dooling & Kelley*, for complainants.

*William M. Smith*, for defendants.

HOOKER, J. Mary A. Wright died in 1892, seised of certain lands. By her will it was provided that, after payment of her debts, which were about $400, the land should go to Fred D. Wright, her husband, for life, with remainder to her children, the complainants, in fee. The will directed that her husband pay the debts with the proceeds of her personal property. This was not done, and, there being mortgages upon the premises amounting to $361, Fred D. Wright borrowed on mortgage upon the

premises $450, which he used in payment of testatrix's debts. This mortgage and the accompanying note were executed by Fred D. Wright and the complainants, and was foreclosed in 1900; the premises being bid in by the mortgagee. Immediately after expiration of the period of redemption, he sold the same to Fred D. Wright, upon a land contract for the amount of the arrearages, receiving from him in cash sufficient to reduce the same to $450. Fred D. Wright resided on the premises with a second wife and their two children, until his death in August, 1904. A question then arose as to the right to the property. The complainants assert that they were ignorant of the purchase until October, 1903, at which time Mrs. Lewis, complainant, made a payment of $127.40 upon the statement of Fred D. Wright's widow and a letter from Frink's agents that there was some money due on the place.

The defendants maintain that, by the foreclosure, complainants' estate in remainder was cut off, and that, as common heirs of their father, they are entitled to share with the complainants equally, in whatever interest the estate had in the premises.

On the other hand, complainants assert that his purchase must be held to have been made for and to inure to the common benefit of the life tenant and the remaindermen, and that with his death his life interest ended, and the remaindermen became equitably entitled to the property, subject to the outstanding indebtedness to Frink, and they have filed the bill in this case, to settle that question. Upon a hearing, the learned circuit judge found that the title of complainants was cut off by the foreclosure, that Frink acquired a full and perfect title, that Fred D. Wright obtained the same by purchase subject to payment of the purchase price, and that complainants are not in a position to attack his title; and he held, further, that Mrs. Lewis was entitled to a lien for the money which she had paid upon the contract, and that a "further decree should be made, dismissing the complain-

ants' bill, leaving the property as the estate of Fred D. Wright, and that it would then follow that, subject to the rights of the widow and the liens of Mrs. Lewis and Frink, the balance of the property will belong in equal shares to the four children of Fred D. Wright."

The will creating a life estate, which was accepted, imposed upon Fred D. Wright the duty of paying the interest upon the mortgage debts, and this obligation continued under the arrangement, whereby they were funded in a new mortgage. Instead of performing this duty, which he owed to the remaindermen as well as the testatrix, he suffered the premises to be sold at foreclosure sale. Doubtless, Frink obtained title, and, had he sold to a stranger, complainants would have lost all interest in the land. It is manifest that, had Fred D. Wright seen fit to redeem the premises, the redemption would have inured to the benefit of complainants, subject to an obligation to contribute to the cost thereof. Instead, Fred D. Wright waited until it was too late to redeem, when he took a contract of purchase. Perhaps Frink would consent to nothing else. In doing this, it must be held that he was acting for the benefit of the complainants as well as himself, under the rule laid down in the following cases, which are analogous: *Defreese* v. *Lake*, 109 Mich. 429 (32 L. R. A. 744); *Damm* v. *Damm*, 109 Mich. 620; *Bowen* v. *Brogan*, 119 Mich. 218.

It is significant that through his wife he informed Mrs. Lewis that money was due upon the place, and Mrs. Lewis responded, once in July, 1903, when she sent $20, and again in October, 1903, when she paid interest $27, and principal $100, as appears from receipts of those dates. The testimony convinces us that there was no design on the part of Fred D. Wright to defeat the remainders, and to acquire the land at the expense of his children, but that both himself and wife expected that the remaindermen would aid in payments of principal when they became due. While it is true that both Fred D. Wright and the complainants were in default, and both

were cut off by the foreclosure, and Fred D. Wright might have made no further effort to preserve his estate, he saw fit to do otherwise, and in doing it he preserved the rights of his children, the complainants. It is to his credit that we are able to find such an intent.

A decree will be entered to the effect that, upon the death of Fred D. Wright, his interest ended, and that all rights held by him by virtue of the contract became equitably the property of the complainants, in whose interest he held them, and that, as against Miner Frink, also, they be adjudged to be the owners of said contract. Complainants will recover costs of both courts against all defendants, except Miner Frink.

GRANT, BLAIR, MONTGOMERY, and MOORE, JJ., concurred.