## McCALL v. McCALL.

1. REAL PROPERTY — LIFE ESTATE — REMAINDERS—MORTGAGES— DUTY TO PAY INTEREST.

A life tenant who omits to perform his duty to pay the interest on a mortgage covering the premises, and who obtains a conveyance from the purchaser at the foreclosure sale, holds the property subject to the rights of his minor children who own the remainder, and their interest is not divested by a transfer of the realty to a son who had notice of the facts.

2. EQUITY—LACHES—KNOWLEDGE AND NOTICE.

Complainants are not barred by laches from questioning conveyances of the property to their brothers, where they moved promptly after their father's death and after notice, by the assertion of an adverse claim that the repurchase was not intended for their benefit, being entitled until such notice to assume that the repurchase was originally for their benefit and that the subsequent conveyances affected only the life estate.

3. SAME—ESTATES IN REMAINDER—REIMBURSEMENT OF LIFE TENANT.

In a suit to set aside an invalid conveyance to the defendant, who claimed to have paid a certain amount due on an outstanding mortgage and taxes for the construction of a drain, and who claimed an allowance for care and support furnished to his father, a decree disallowing the other claims and requiring reimbursement to the defendant for the amount paid on the mortgage is affirmed on the ground that it is supported by evidence of the defendant's having had the use of the farm and having moved valuable buildings from it to his own land.

Appeal from Gratiot; Dodds, J., presiding. Submitted October 19, 1909. (Docket No. 107.) Decided December 10, 1909.

Bill by Daniel McCall and others against Abram McCall and another to set aside certain deeds. From a decree for complainants, defendant Abram McCall appeals. Affirmed.

*John M. Everden* (*John T. Mathews*, of counsel), for complainants.

*Stone & Watson*, for appellant.

One John H. McCall and his wife, Barbara, owned in their lifetime 160 acres of adjoining land, each owning 80 acres. The 80 acres belonging to the wife was the homestead. Complainants and defendants are their children. Two days before the mother died, she and her husband made a disposition of these lands. The husband executed a deed of his 80 acres to his two sons, Robert and Abram, deeding to each a 40. Mrs. McCall joined in that deed. The mother executed a deed of her 80 to her husband for life, with remainder to her children, the complainants, and the defendant William, the same to be equally divided among them upon the death of her husband. These deeds were executed April 5, 1892, and were at once delivered and recorded. There was a mortgage originally given for $600 upon the land owned by the mother, with interest at 8 per cent. Four hundred ninety-five dollars and fifty-three cents remained unpaid at her death. Some of the children were then minors. After the mother's death, the father and children continued to live upon the farm; the daughters doing the housework; one remaining at home and keeping house, while the other worked out. The older boys were at work elsewhere much of the time.

In 1897 Mr. McCall leased the 80 acres in which he had a life estate to the defendant Abram. Abram took possession of the land, moved into the house, and his father lived with him. The father sold his personal property and paid his debts. Abram continued to occupy the premises under his lease until November 21, 1904. Meanwhile Mr. McCall, the father, failed to pay the interest on the mortgage. The mortgagee, one Mrs. Cameron, foreclosed, bid the property in for the amount due, with interest and costs of the foreclosure, amounting in all to $560.19. The sale became absolute March 2, 1897. On April 14th following

Mrs. Cameron deeded the 80 acres back to John H. McCall, the father, for $635, being the amount of principal, interest, and additional costs, and took back from him a mortgage for that amount. Meanwhile, Abram built a house upon his own 40, deeded to him by his father, and moved the buildings of the former home to his own land. His father continued to live with him until his death, June 19, 1906.

On November 21, 1904, the father deeded the west 40 acres of the mother's 80, which was the homestead, to the defendant Abram. He at the same time, or shortly before, deeded the east 40 acres to defendant William. By the arrangement William assumed and agreed to pay $500 of the mortgage, and the defendant Abram was to pay the balance, $135. On December 2, 1907, complainants filed this bill praying that the deeds made by their father to the defendants be set aside, and that the title to four-fifths of the lands described therein be decreed to them. The claim against William has been satisfactorily settled by the parties, so that the controversy now is entirely between defendant Abram and complainants. The case was heard upon pleadings and proofs taken in open court and decree entered for complainants; the decree, however, requiring the complainants and defendant William to pay to defendant Abram the $135, which he had paid upon the mortgage.

GRANT, J. (*after stating the facts*). 1. Mr. McCall, the life tenant, occupied a position of trust towards his children, the remaindermen. It was both his legal and moral duty to pay the taxes and interest upon the mortgage. His moral obligation was greater because of the minority of some of the remaindermen. The law does not permit a life tenant for any reason to neglect to pay taxes and interest, and obtain title in fee by purchasing the land at tax or foreclosure sales. In making such purchases, the life tenant is only paying what the law compels him to pay. He then stands in no other or different relation to the re-

maindermen than he would if he had paid the taxes and
interest in season.   We are not concerned with the motives
of the life tenant in the instant case in neglecting to pay
the interest and permitting a foreclosure.   It would not
avail the defendant if there was no understanding or
agreement between the life tenant and the mortgagee that
the title after foreclosure should be reconveyed to the life
tenant.   The interest was less than $40 per year, and the
interest was all that the mortgagee desired.   The defend-
ant purchased only the interest of his father, the life ten-
ant, and that was a life interest.   He is not an innocent
purchaser.   He knew the conditions of the deed from his
mother to his father, and his brothers and sisters.   He
knew that it was the duty of his father to protect those
interests.   Estates in remainder cannot thus be destroyed.
The case is controlled by *Bowen* v. *Brogan*, 119 Mich.
218 (77 N. W. 942, 75 Am. St. Rep. 387); *Lewis* v.
*Wright*, 148 Mich. 290 (111 N. W. 751).

2. The complainants were not guilty of laches.   If
they knew of the foreclosure and repurchase by their
father, they had a right to assume that the repurchase
was for the protection of their interests.   There is evi-
dence that the father so stated.   Even if they learned
that their father had deeded the land to the defendant,
they had the right to believe that the deed conveyed only
the life estate which the father had possessed.   They
moved promptly after their father's death, and the asser-
tion on the part of the defendant that he owned the title
in fee.

3. Defendant claims that, if he had not title in fee, the
complainants should compensate him for the care of his
father, and a certain drain tax which he paid.   The evi-
dence shows that the father worked upon the farm with
his son until he was stricken with paralysis, about 18
months before his death.   He was more or less helpless
for about seven months before his death.   Defendant and
his wife took care of him, but employed no nurse or other
person to attend him.   Defendant had the use of the land,

and appropriated to his own use the buildings that were on it. These were worth between $200, the least valuation put upon them, and $1,000, the highest. Under the evidence, we think he is not entitled to compensation for the care of his father or the taxes paid, and that the requirement that complainants pay that part of the mortgage which he assumed, with interest, is all to which in equity he is entitled.

The decree is affirmed, with costs.

MONTGOMERY, OSTRANDER, MOORE, and MCALVAY, JJ., concurred.