TRUITT *v.* CITY OF BATTLE CREEK.

PERPETUITIES—ESTATES—LIFE ESTATES—TWO LIVES IN BEING.
The creation of a life estate in a husband and wife is but
one estate, hence the creation of a subsequent life estate
in the same premises does not violate the provisions of
the statute (3 Comp. Laws 1915, § 11532 *et seq.*) pro-
hibiting the suspension of the power of alienation for a
longer period than two lives in being.

Appeal from Calhoun; North, J. Submitted Feb-
ruary 4, 1919. (Docket No. 74.) Decided April 3,
1919. Rehearing June 13, 1919.

Bill by Melbourne E. Truitt and another against
the city of Battle Creek and Samuel A. Howes, guard-
ian *ad litem,* to remove a cloud upon title to land.
From a decree for plaintiff, defendant Howes appeals.
Reversed, and decree entered.

*Bernard J. Onen,* for plaintiffs.

*Charles F. McKenzie,* for appellant.

FELLOWS, J. Plaintiffs, husband and wife, file this
bill to remove clouds upon the title to certain premises
located in the city of Battle Creek. The bill makes
numerous parties, including the unknown heirs of Mel-
bourne E. Truitt, defendants. Upon petition, a guard-
ian *ad litem* for these unknown heirs was appointed.
From a decree quieting title, the guardian *ad litem*
appeals. There is no claim that the decree curing
certain formal defects of title was not properly en-
tered. The controverted question revolving around
the title of plaintiff Melbourne E. Truitt, the case ne-
cessitates only a statement of the facts pertinent to
that question.

See note in 29 L. R. A. (N. S.) 153.

April 13, 1903, George A. Robertson, then owner of the premises, his wife joining with him, executed a life lease thereof to Oliver Beauregard and wife, Thersil, grandparents of plaintiff Melbourne E. Truitt. On the same day he conveyed the fee subject to such life lease to plaintiff Melbourne E. Truitt. Also, on the same day plaintiff Melbourne E. (then a single man) and Oliver Beauregard and wife executed a mortgage on said premises for $1,600 to John H. Welch. July 24, 1903, plaintiff Melbourne E. conveyed the said premises, subject to such life estate, to his mother, Louise Truitt, who on the following day executed a conveyance of the premises to Melbourne E. for life and then to his heirs. On this later date Melbourne E. executed a mortgage to Charles Harbeck as trustee for $600. September 23, 1909, on foreclosure sale under the Welch mortgage the premises were bid in by Bernard J. Onen. Mr. Onen paid up the Harbeck mortgage and also the present worth of the life estate of Oliver and Thersil Beauregard, who were then living. He was acting entirely for himself but had stated to Mr. Truitt, who was his neighbor and friend, that if he got title he would convey to him for what he had invested in it as he knew that plaintiff had already invested $2,000 in the premises. On November 12, 1910, Mr. Onen and wife conveyed the premises to Melbourne E. Truitt for the amount Mr. Onen had invested. It should also be stated that prior to the filing of this bill Louise Truitt executed a quitclaim deed of the premises to plaintiff Melbourne E. Truitt.

Plaintiff's counsel does not and cannot seriously controvert the well recognized rule in this jurisdiction that a life tenant may not cut off the remainder man and acquire title in fee by purchase of outstanding incumbrances he is under legal obligations to pay, nor the further rule that where the life tenant is not un-

der legal obligations to pay an incumbrance but pays
it to prevent a forfeiture of his estate, he cannot hold
it to the exclusion of the remainder man who is willing
to contribute his share of the purchase price, but he
holds it for the benefit of both himself and the re-
mainder man. *Defreese* v. *Lake,* 109 Mich. 415 (32
L. R. A. 744; 63 Am. St. Rep. 584); *Stroh* v. *O'Hearn,*
176 Mich. 164; *McCall* v. *McCall,* 159 Mich. 144; *Damm*
v. *Damm,* 109 Mich. 619 (63 Am. St. Rep. 601). What
counsel does claim is that the conveyance to plaintiff
of July 25, 1903, offends the statute against perpetui-
ties, 3 Comp. Laws 1915, § 11532 *et seq.* He insists
that the fee passed by this conveyance to plaintiff, the
restraint upon alienation being invalid, or if this is
not so, such conveyance is void for this reason and
plaintiff acquired title by virtue of the quitclaim deed
from his mother. The basis of this claim is that the
life lease to Oliver Beauregard and his wife, Thersil,
created two life estates, estates for two lives in being,
and that this is the limit of life estates which may
be created, and that the succeeding life estate in the
conveyance to plaintiff is void, and a restraint upon
the alienation of the property contrary to the pro-
visions of the sections above cited. The statutory pro-
visions involved are as follows:

"(11532) Sec. 14. Every future estate shall be void
in its creation, which shall suspend the absolute power
of alienation for a longer period than is prescribed
in this chapter; such power of alienation is suspended
when there are no persons in being, by whom an
absolute fee in possession can be conveyed.

"(11533) Sec. 15. The absolute power of alienation
shall not be suspended by any limitation or condition
whatever, for a longer period than during the con-
tinuance of two lives in being at the creation of the
estate, except in the single case mentioned in the next
section."

"(11535) Sec. 17. Successive estates for life shall
not be limited, unless to persons in being at the crea-

tion thereof; and when a remainder shall be limited on more than two successive estates for life, all the life estates subsequent to those of the two persons first entitled thereto, shall be void, and upon the death of those persons, the remainder shall take effect, in the same manner as if no other life estate had been created."

"(11537) SEC. 19. When a remainder shall be created upon any such life estate, and more than two persons shall be named as the persons during whose lives the estate shall continue, the remainder shall take effect upon the death of the two persons first named, in the same manner as if no other lives had been introduced."

It was said by this court in the case of *McInerny* v. *Haase*, 163 Mich. 364, speaking through Mr. Justice MCALVAY:

"The period of suspension is not determined by the fact that more than two lives were in being when the estate was created who by a contingency might share in its distribution, but by the number of life estates between the creation of the estate and its enjoyment in possession."

The crucial question therefore in the instant case is, Did the life lease to Oliver Beauregard and Thersil, his wife, create an estate for two lives in being, two life estates, or but one? Was its duration measured by two lives or by only one, that of the survivor? That the estate created was an estate by entirety has been frequently held by this court. See *Appeal of Lewis*, 85 Mich. 340 (24 Am. St. Rep. 94), where several of the authorities are considered; and neither party has such right, title or interest in the lands, that by his or her sole act, may be incumbered or conveyed away, *Ernst* v. *Ernst*, 178 Mich. 100 (51 L. R. A. [N. S.] 317). Each is a tenant by entirety, and the survivor takes the whole estate. The duration of the estate is measured by the life of the survivor. It is neither shortened nor lengthened by the death of

one of the parties. It is terminated only by the death of the survivor. Obviously, therefore, the estate created is an estate for one life, viz., that of the survivor. See *Woolfit* v. *Preston*, 203 Mich. 502.

It is true as contended by counsel that the equities are strong in plaintiff's favor. But we cannot without violating settled rules of property extricate him from the position in which he has placed himself. The decree correcting formal defects will stand. The balance of the decree must be vacated. A decree will be here entered in conformity with this opinion. The appealing defendant will recover costs of this court.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.