FELT *v.* METHODIST EDUCATIONAL ADVANCE.

1. PERPETUITIES—DEVISE OF LIFE ESTATE TO CLASS COLLECTIVELY CREATES ESTATE FOR ONE LIFE ONLY.

> Devise of a life estate to a class collectively creates an estate for one life only, that of the "longest liver" of the class, and is to be so taken in determining the period of suspension of alienation.

2. SAME—DEVISE OF LIFE ESTATE TO WIFE AND ON HER DEATH TO THREE CHILDREN FOR LIFE IS VALID.

> Devise of a life estate in a farm to testator's wife, then after her death to testator's three children for the term of their natural lives, and after their death to their heirs, was not an unlawful suspension of the absolute power of alienation for a longer period than two lives in being, since the devise to the children was for one life only, the devise was not in violation of 3 Comp. Laws 1915, §§ 11532, 11533, and therefore the heirs of the children take under the will.

3. APPEAL AND ERROR—OBJECTION NOT RAISED ON TRIAL NOT OPEN TO REVIEW.

> Although the identity of land involved in ejectment action was not specifically shown, where both parties introduced deeds in which the description was the same as in the declaration and claimed title thereunder, and both counsel and court evidently assumed that identity had been established, the showing was sufficient, in absence of objection, to support a verdict on that point, and, objection not having been raised on the trial, the question is not open to review.

4. EXCEPTIONS, BILL OF—CERTIFICATE OF STENOGRAPHER NOT NECESSARY WHERE TRANSCRIPT PRODUCED AND EXTENSION GRANTED WITHIN 20-DAY PERIOD.

> Where, about three days after judgment, appellant presented to the court and counsel for appellees a proposed bill of exceptions, and tendered a transcript of the testimony, an extension of time granted within the 20-day period on demand of appellees' counsel was valid without the useless formality of filing the stenographer's certificate under 3 Comp. Laws 1915, § 12634.

5. APPEAL AND ERROR—APPELLEES ACCEPTING TRANSCRIPT HAVE BURDEN OF SHOWING IT WAS NOT OFFICIAL.

Appellees having accepted a transcript of the testimony without objecting that there was no showing that it was authentic, have the burden of showing that it was not official.

Error to Wayne; Martin (William H.), J., presiding. Submitted April 4, 1929. (Docket No. 72, Calendar No. 33,858.) Decided June 3, 1929. Rehearing denied September 4, 1929.

Ejectment by Zara L. Felt against Methodist Educational Advance, a Michigan corporation, Kazimierz Barski, and others. Judgment for defendants on a directed verdict. Plaintiff brings error. Reversed and new trial ordered.

*Daniel W. Ross* (*Frank C. Golden,* of counsel), for plaintiff.

*MacKay, Wiley, Streeter, Smith & Tucker,* for defendant Methodist Educational Advance.

*Walter M. Nelson,* for defendants Barski and others.

FEAD, J. This is ejectment to try title. Defendants had directed verdict. The titles run back to the will of George Elwell, who died May 5, 1897. After devising a life estate to the wife, Abbey Elwell, in the "farm known as the homestead and situate on Sections Thirty-four (34) and Thirty-five (35) in the said Township of Van Buren, * * * consisting of one hundred and seven (107) acres of land," the will provided:

"Fourth: I give, devise and bequeath to my children, Joseph Elwell, George W. Elwell, and Rhody Conant, the use, improvement and income of my homestead farm of one hundred and seven (107)

acres of land as hereinbefore mentioned, and its appurtenances and all profit and advantage that may be derived therefrom, from and after the decease of my wife, Abbey Elwell, to have and to hold the same to the said Joseph Elwell, George W. Elwell and Rhody Conant for and during the term of their natural lives, and without impeachment or waste, the same to be equally divided among them if requested by all or either of them; and from and immediately after the decease of the said Joseph Elwell, George W. Elwell and Rhody Conant, or either of them, the share set off to such deceased heir, I give, devise and bequeath to the heirs of said deceased heir, for him, her or them and their heirs and assigns forever."

Apparently the land was partitioned in August, 1897, as, although the deed contains no recital of its purpose, Joseph Elwell and wife and "one Rhoda Cole" then conveyed the land described in the declaration to "George Elwell." Plaintiff claims through quitclaim deeds from heirs of George W. Elwell. Defendant Methodist Educational Advance claims through mesne conveyances from George W. Elwell in his lifetime. A statement appears upon the record that defendants Barski are purchasers under land contract from the Methodist Educational Advance, and the other defendants are lessees of the Barskis, but the instruments were not produced.

Defendant Methodist Educational Advance contends that the will violated 3 Comp. Laws 1915, § 11532 and § 11533, in attempting an unlawful suspension of the absolute power of alienation for a longer period than two lives in being, i. e., for the four lives of Abbey, Joseph, George W., and Rhody, and, therefore, the heirs of George W. Elwell as remaindermen took no title under it and plaintiff has no title through them.

The decisions of this court upon the question are not harmonious. It would be fruitless to discuss them or the opinions of other courts. Our later cases hold that the devise of a life estate to a class collectively creates an estate for one life only, that of the "longest liver" of the class, and is to be so taken in determining the period of suspension of power of alienation. *Woolfitt* v. *Preston,* 203 Mich. 502; *Truitt* v. *City of Battle Creek,* 205 Mich. 180; *Kemp* v. *Sutton,* 233 Mich. 249. This ruling was in force when defendant acquired its title. The second life estate was for one life only, the devise was valid, and the remaindermen took title under it.

Defendant contends plaintiff did not prove that the property described in the declaration was the same land mentioned in the will. The identity was not specifically shown. However, both parties introduced deeds in which the property was described as in the declaration and claimed title under them. Counsel and court evidently assumed that identity had been established. The point was not made nor suggested on the trial. In absence of objection, the showing was sufficient to support a verdict and the point, not having been raised on the trial, is not here for review.

Defendant moved in this court to strike the bill of exceptions from the files on the ground the circuit court had no jurisdiction to extend the time for settlement, no stenographer's certificate having been filed within 20 days after judgment, as required by 3 Comp. Laws 1915, § 12634. About three days after judgment, appellants presented to the court and counsel for defendant a proposed bill of exceptions and tendered a transcript of the testimony. Defendant's counsel demanded time to examine the bill. Extension was granted within the 20-day

period on motion of appellant. The transcript having been produced, the extension was valid without the useless formality of filing the stenographer's certificate. *Ferris* v. *American Insurance Union,* 245 Mich. 548. Counsel for defendant now contend there was no showing that the transcript offered was authentic. Having accepted it without such objection, the burden was on defendant to show that it was not official.

Judgment reversed, and new trial ordered.

NORTH, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.