## WILLIS v. WILLIS' ESTATE.

1. WILLS—EXECUTORS AND ADMINISTRATORS—CONTRACT FOR SERVICES—ACCEPTANCE.

Under contract to compensate by will married woman for her services, it was not necessary that testator inform her of provision made for her so that she be given opportunity to accept or reject same, because such opportunity was afforded when will was probated.

2. SAME—MARRIED WOMEN.

Married woman accepting provision for herself and husband in will for her services is bound thereby unless will gave estate to husband and nothing to her.

3. HUSBAND AND WIFE—LIFE ESTATE BY ENTIRETIES.

Life estate granted husband and wife by entireties accords all usufructs to husband, and therefore wife takes nothing.

4. SAME—SURVIVORSHIP NECESSARY ELEMENT OF ESTATE BY ENTIRETIES.

Life estate granted husband and wife is by entireties if it does not end until death of survivor, but if life estate ends at death of either tenant there exists no estate by entireties, because without right of survivorship there exists no estate by entireties.

5. WILLS—EXECUTORS AND ADMINISTRATORS—LIFE ESTATE IN COMMON—ACCEPTANCE.

Where will devised life estate in common to husband and wife as compensation for wife's services to testator, her acceptance thereof is bar to claim against estate for said services, since she received valuable estate as compensation therefor.

Error to Wayne; Smith (Guy E.), J., presiding. Submitted January 6, 1931. (Docket No. 19, Calendar No. 35,338.) Decided February 27, 1931.

In the matter of the estate of Merritt Willis, deceased, Lizzie Willis presented her claim for per-

On the question as to creation of estate by entirety, see annotation in 30 L. R. A. 306 et seq.; 33 L. R. A. (N. S.) 166.

sonal services.  Judgment for plaintiff.  Defendant brings error.  Reversed.

*John B. McIlwain* and *George E. Eckert,* for plaintiff.

*Dykema, Jones & Wheat,* for defendant.

WIEST, J.  This is a claim against an estate for personal services rendered the deceased by his sister-in-law, a married woman.  The services were rendered and were not gratuitous, but compensation was left to the bounty of the deceased to be awarded by will.  In his will the deceased provided:

"I give, devise and bequeath the use of the premises located at 4009–11 Livernois avenue to Peter Willis and Elizabeth Willis to be held by them until the death of one of said parties, at which juncture said property is to fall into the residue of said estate."

The will was probated, and claimant and her husband are enjoying the use and occupation of the premises and the considerable revenue afforded by two stores and many rentable rooms.  The will was executed November 3, 1927.  The testator died February 3, 1928.  March 18, 1927, claimant and her husband signed the following statement and release:

".Whereas, Merritt Willis, is and has been a resident of the city of Detroit for a long period of time, residing at 4011 Livernois avenue, Detroit, Michigan.

"And whereas, his brother, Peter Willis and Elizabeth Willis, did on the 20th day of Dec., 1924, come to live with him at the above address, and are now living with him as aforesaid, and whereas, the said Merritt Willis has been paying all the bills in

connection therewith of every nature and whereas, the said Peter Willis and his wife, Elizabeth, have so resided without the expenditure of any money, with the exception of a personal nature, such as clothes, and whereas, their daughter, Sadia Willis, has also resided with them for some period of time.

"Now therefore, in consideration of the sum of one ($1) dollar, and other valuable considerations to them in hand paid by Merritt Willis, the receipt whereof is hereby acknowledged, the said Peter Willis and Elizabeth Willis do each individually and jointly hereby release the said Merritt Willis from every and all claims of any nature whatsoever that they may now have or may hereafter acquire by reason of their living in the home of the said Merritt Willis and by reason of their relations as aforesaid."

Claimant's husband testified:

"I asked him what reasons he wanted us to sign that for, and he said he would make a new will. To save trouble, he said he would make a new will to secure Mrs. Willis and me what is due to her. * * * "I didn't say a word. I went over there and signed it."

The release stated facts established by evidence. The circuit judge instructed the jury:

"If you find from the evidence in this case that at the time the plaintiff signed the release dated March 18, 1927, Merritt Willis was indebted to plaintiff for the services rendered him as his housekeeper under the agreement to pay her for her services but for which he had not paid, and that she signed the release at his request and on reliance on his assurances that it was not to beat her out of her pay for services but that he was going to make a new will, and this was to save any trouble; giving her to understand at the time that she would be provided for in the will, and that in signing the said re-

lease she did not intend to relinquish her right to payment for her services, and if you further find that she was not thereafter informed by Merritt Willis of any provision he had made for her, or was going to make for her, giving opportunity to accept or reject the same in lieu of the amount due her for services, then I instruct you that this release would not be binding or a bar to her right to recover payment for such services.

"I instruct you as a matter of law that the bequest in the will to Peter and Elizabeth, his wife, of use of the premises at Livernois street, to terminate at the death of either one of them, did not convey any separate estate or interest to Elizabeth Willis, as under the law such a bequest vests the right to the use, and premises, and rents and profits of the property in Peter Willis alone, and not in husband and wife jointly."

Manifestly compensation was to be awarded by will. It was not necessary that testator inform claimant of the provision made for her in the will and give her "opportunity to accept or reject the same." Such opportunity was afforded when the will was probated, and at that time claimant elected to take under the will, and she is bound by such election unless the will gave her and her husband a life estate by entirety, and, therefore, accorded her husband all the usufructs. The circuit judge, in the quoted instruction, considered that the life estate was one by entirety, and, therefore, claimant received nothing. The court was in error.

It is true that a life estate granted a husband and wife is by entirety if it does not end until death of the survivor. *Truitt* v. *City of Battle Creek,* 205 Mich. 180. But if a life estate ends at the death of either tenant, as in the case at bar, then there exists no estate by entirety. Without right of survivor-

ship there is no estate by entirety. By the terms of the devise the life estate will end at the death of either tenant. Under the devise claimant and her husband are tenants in common and claimant, as a cotenant, by acceptance under the will, has received a valuable estate as compensation for services rendered the deceased.

Under the evidence, the court should have granted defendant's motion for a directed verdict.

The judgment is reversed, without a new trial, and with costs to defendant.

BUTZEL, C. J., and CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.