MOORE *v.* MOORE.

1. DEEDS—PRESUMPTION THAT EXECUTED INSTRUMENT CONTAINS ULTIMATE AGREEMENT OF PARTIES.

The presumption that an instrument which is executed or accepted by the parties contains the ultimate agreement of the parties in consummation of their previous negotiations does not apply to situation where deeds were procured by the grantees' attorney from purchasers at a tax sale without there having been any negotiations and without a disclosure to him of the nature of the interest of the respective grantees and deeds conveyed an undivided interest to each grantee whereas one was entitled to a fee simple defeasible upon death without issue and the other grantee entitled to an expectancy contingent upon such event.

2. DESCENT AND DISTRIBUTION—DEFEAT OF EXPECTANT ESTATES BY DEFAULT OF OWNER OF INTERMEDIATE ESTATE.

The owner of an intermediate estate who has the obligation to pay taxes or a mortgage thereon may not by failure to do so obtain title in fee by purchasing the land at a tax or foreclosure sale (3 Comp. Laws 1929, § 12952).

3. REFORMATION OF INSTRUMENTS—DEEDS—INADVERTENT ACTION OF THIRD PARTY—TENANCY IN COMMON—FEE SIMPLE DEFEASIBLE.

Reformation of deed, conveying title from purchasers at tax sale to former owner of fee simple defeasible upon death without issue and owner of expectancy contingent upon such event as though the former owners were tenants in common, which deeds resulted from the inadvertent action of a third party, so as to effect restoration of title to parties as it stood prior to the tax sale *held*, proper.

Appeal from Oakland; Hartrick (George B.), J. Submitted October 9, 1946. (Docket No. 23, Calendar No. 43,266.) Decided December 2, 1946.

Bill by Matilda Moore, individually and as executrix of the estate of Charles F. Moore, deceased, against Frank H. Moore and others for an accounting and decree that plaintiff is the owner of an undivided one-half interest in certain premises. Cross bill by defendants Moore against plaintiff to reform deeds. Decree for defendants Moore. Plaintiff appeals. Affirmed.

*Robert D. Anspach* and *Clinton C. DeWitt* (*A. Lewis Fineberg,* of counsel), for plaintiff.

*Donald F. Noble,* for defendant.

DETHMERS, J. Under the will of his father, plaintiff's decedent, Charles F. Moore, acquired an estate in fee simple in the premises in question, defeasible upon his death without issue, with an expectancy contingent upon the occurring of that event in his nephew, defendant Frank H. Moore. Charles went into possession, neglected to pay the taxes, and tax titles were acquired by Richard and Paul Lewis. Thereupon the Moores mortgaged the premises to secure a loan, the proceeds of which they turned over to an attorney with instructions, as he testified, "to redeem", "to salvage" the property. The Moores then entered into a written agreement under which Frank was to cut and sell timber from the premises and, from the proceeds, pay the mortgage, taxes and expenses, the excess, if any, to be divided equally between them. Frank proceeded under the contract and ultimately paid the mortgage, partly from such proceeds and partly from his own pocket.

The attorney paid the proceeds of the loan over to an escrow agent and received from it two quitclaim deeds from, and prepared by, the Lewises naming Charles F. Moore and Frank H. Moore

grantees, in form as if tenants in common. Shortly thereafter Charles died without issue, never having seen or known the contents of the deeds. The attorney became involved in a controversy with Frank about payment of attorney fees and, in consequence, retained the deeds for years without showing them to Frank or informing him as to their contents. The attorney testified that the Moores had never discussed in his presence how the title was to be held upon its reacquisition from the Lewises and that he knew of no agreement between them on the subject. The record discloses no such agreement.

At Charles' death Frank took possession of the premises. Some 11 years later the plaintiff, as sole heir and executrix of the estate of Charles F. Moore, deceased, relying on the form of the deeds, filed a bill for an accounting for rentals and profits and praying that she be declared to be the owner of an undivided one-half interest in the premises. Defendants Frank H. Moore and his wife, Birdie M. Moore, filed a cross bill for reformation and correction of the deeds to show Charles Moore's interest to be a life estate with remainder in Frank H. Moore. From decree for defendants, reforming the deeds as prayed in their cross bill, plaintiff appeals.

In seeking reformation of the deeds defendants contend that it was the intent of the parties that the deeds should place them in the status existing prior to the tax sale; that it was through fraud or error that they were drawn to show Charles and Frank Moore as tenants in common. To this plaintiff replies that there is no proof of either fraud or mutual mistake. Plaintiff insists that the burden of proof is strongly upon the party seeking reformation and that to warrant it there must be proof of fraud or proof of mutual mistake so clear, satisfactory and convincing as to establish the fact beyond cavil,

citing *Crane* v. *Smith,* 243 Mich. 447, *Lyons* v. *Chafey,* 219 Mich. 493, and other authorities. In the cases where this rule is announced, the parties have negotiated an agreement which is merged into a written instrument. The instrument executed or accepted by the parties is presumed to contain the ultimate agreement of the parties in consummation of their previous negotiations. *Miles* v. *Shreve,* 179 Mich. 671. But, do the deeds give rise to any such presumption in a situation, as in the case at bar, where the record discloses no negotiations on the subject between the parties, where the attorney who procured the deeds for them testified that they had never discussed the point in issue in his presence and gave him no instructions thereon other than to redeem or salvage the property for them, where the form and effect of the prospective deeds was apparently taken for granted so as to require no discussion, where the fact that the deeds showed the two grantees to be tenants in common was due entirely to the actions of a third party in preparing the deeds without instructions to that effect from the grantees, and where the grantees never saw or knew the contents of the deeds so as to be deemed to have acquiesced therein? We think not. The reason for the rule asserted by plaintiff disappears accordingly and with it must go the rule itself insofar as application to this case is concerned.

This leads us to a consideration of what benefits may accrue to the owner of an intermediate estate by reason of his default and failure to pay the taxes which he is obligated to pay on the premises. In 3 Comp. Laws 1929, § 12952 (Stat. Ann. § 26.32), it is provided that:

"No expectant estate can be defeated or barred by any alienation or other act of the owner of the intermediate or precedent estate, nor by any destruc-

tion of such precedent estate by disseizin, forfeiture, surrender, merger, or otherwise."

In the case of *McCall* v. *McCall,* 159 Mich. 144, 146, 147, this Court said:

"Mr. McCall, the life tenant, occupied a position of trust towards his children, the remaindermen. It was both his legal and moral duty to pay the taxes and interest upon the mortgage.    *    *    *    The law does not permit a life tenant for any reason to neglect to pay the taxes and interest, and obtain title in fee by purchasing the land at tax sale or foreclosure sales. In making such purchases, the life tenant is only paying what the law compels him to pay. He then stands in no other or different relation to the remaindermen than he would if he had paid the taxes and interest in season."

And to like effect, in the case of *Lowry* v. *Lyle,* 226 Mich. 676, 681, 682, Mr. Justice WIEST, speaking for this Court, said:

"The rule preventing a life tenant from changing his estate to one in fee by proceedings growing out of his own default is well settled. The disseizin of the life tenant and the remaindermen, under the lien foreclosure proceedings, went for naught when the life tenant procured a deed from Thomas for he thereby restored the life estate and the estate in remainder. *Bowen* v. *Brogan,* 119 Mich. 218 (75 Am. St. Rep. 387); *Lewis* v. *Wright,* 148 Mich. 290; *McCall* v. *McCall,* 159 Mich. 144; 21 C. J. p. 942.

"The status quo was restored by the deed from Thomas to George and Sarah A. Lowry, and from that moment George Lowry was again life tenant and no more, and the rights of the remaindermen again were vested."

Had Charles Moore, as owner of the intermediate estate, paid the Lewises and obtained a deed naming himself as sole grantee, his actions, in contemplation

of law, would have amounted to no more than payment of the taxes he was obligated to pay and a consequent restoration of the status quo. When, as here, the holders of the intermediate and the expectant estates join in paying off the holders of the tax title and reacquiring title from them, the legal effect should be no different, so long as the record discloses no agreement to the contrary and no presumption of a contrary agreement arises from the language of the deeds because they manifestly read as they do through the inadvertent action of a third party, never disclosed to, nor acquiesced in by, the grantees. The effect of the entire transaction must be held to have been to restore the respective interests of Charles F. Moore and Frank H. Moore as they existed prior to the tax sale.

Inasmuch as the result indicated by this opinion is effected by the decree, it is affirmed, with costs to defendants Frank H. Moore and Birdie M. Moore.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.