# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 20, 2006

130109-10 & (59)

GLORIA JACKSON,
          Plaintiff-Appellant,

v

LAKER GROUP, L.L.C., and KROLL
CONSTRUCTION COMPANY,
          Defendants-Appellees.
_____/

LAKER GROUP, L.L.C.,
          Plaintiff-Appellee,

v

GLORIA JACKSON,
          Defendant-Appellant.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 130109
COA: 261588
Oakland CC: 04-058216-CH

SC: 130110
COA: 261594
Oakland CC: 04-058945-CK

On order of the Court, the application for leave to appeal the November 3, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The stay previously entered by this Court on December 28, 2005 is DISSOLVED.

CAVANAGH, J., would reverse the judgment of the Court of Appeals and remand this case to the circuit court for trial.

KELLY, J., dissents and states as follows:

The Court should reverse the judgment of the Court of Appeals majority and remand this case for trial consistent with Judge White's dissent. Otherwise, plaintiff Gloria Jackson will lose the home in which she has lived and on which she has made mortgage payments for the past ten years. This will occur on the basis of a record that raises more questions than it answers.

The facts of the case are that plaintiff paid defendant Kroll Construction $5,000 and obtained financing from Kroll for an additional $3,300 so that Kroll would remodel her bathroom. She executed a mortgage as security for the note. The record contains a copy of the mortgage but no one can find the note. There is evidence that the note required a "signed completion certificate" before payments were due.

Plaintiff claims that some of the remodeling was not done correctly, that she complained to Kroll, but that Kroll sent no one to follow up as promised. Plaintiff never signed a certificate of completion, nor was she asked to sign one. She did not pay off the note. Kroll foreclosed on the property by advertisement, purchased the entire property at the sheriff's foreclosure sale for $4,200, and conveyed its interest to defendant Laker for $7,000. Plaintiff asserts that the fair market value of the property is $125,000.

Laker sought summary eviction of plaintiff in the district court. Plaintiff opposed the action and filed a quiet title action in the circuit court. The circuit court granted summary disposition to Laker, finding no genuine issue of material fact regarding whether the statutory procedures were properly followed in the foreclosure sale. Plaintiff appealed from the dismissal of her action to quiet title and from the adverse summary disposition order. The Court of Appeals majority affirmed both orders.

I find Judge White's Court of Appeals dissent persuasive. There are genuine issues of fact regarding whether plaintiff defaulted on the promissory note and mortgage. Arguably a signed certificate of completion would initiate her obligation to pay off the note. But no signed certificate of completion exists. It is possible that plaintiff is not in default.

Without a default, the power to sell property does not become operable. MCL 600.3204(1)(a). If there has been no default, the sheriff's sale was improper and passed no title. A sheriff's deed on foreclosure of a mortgage that is not in default at the time of the foreclosure passes no title to the purchaser. *Bowen v Brogan*, 119 Mich 218 (1899).

I would reverse the court orders below and remand the case for trial consistent with Judge White's dissent.

WEAVER, J., joins the statement of KELLY, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 20, 2006

_Corbin R. Davis_
Clerk