## THE PEOPLE v. FRANK TREAT.

*Criminal law—Argument to jury.*

In this case a statement made by the prosecuting attorney in his argument to the jury, entirely outside of the record, is held to have been erroneous, and, there being no means by which the Court can ascertain whether the error was cured by the instruction to the jury to disregard the statement, the conviction is set aside and a new trial granted.

Error to Barry. (Hooker, J.) Argued October 24, 1889. Decided November 1, 1889.

Respondent was convicted of engaging in the business of selling intoxicating liquors, without having executed the required bond. Reversed. The facts are stated in the opinion.

*Smith & Colgrove*, for respondent.

*S. V. R. Trowbridge,* Attorney General, and *C. H. Van Arman,* Prosecuting Attorney, for the people.

CHAMPLIN, J.   We discover but one error in this case, and that is of such a serious nature as calls for a reversal of the conviction.

Treat was informed against for engaging in the business of selling spirituous liquors without having first executed and delivered the bond required by law.   He was complained of by one Charles W. Smith, the president of the village of Nashville, in Barry county, where it was alleged the illegal business was carried on.   He was defended by Mr. Smith, of the law firm of. Smith & Colgrove, of Hastings.   After Mr. Smith had addressed the jury in behalf of his client, the prosecuting attorney of the county followed, and in his closing argument the record discloses that the following occurred:   Mr. Van Arman, addressing the jury, said:

"Judge Smith said to you that Charles Smith is an honorable man, and that a bargain could not be made with him.   That is true.   I may not be permitted to make the statement, but Mr. Smith whispered in my ear [referring to Charles W. Smith], 'That statement of Mr. Smith is true, for he wanted to have Mr. Treat plead guilty and then not try Dunham.'"

Respondent's counsel took exception to the remark. The court thereupon rebuked the prosecuting attorney, and told him that he was certainly jeopardizing the people's interest by going out of the record; and, upon the close of the argument, and before instructing the jury upon the merits of the controversy, requested the stenographer to read the remark made by the prosecuting attorney in relation to what Mr. Smith had whispered in his ear, and then said to the jury:

"I will premise my charge by an illusion to this matter as, it is a fact that you probably know, you are here

to try this case upon the law and the evidence, and not upon statements made between counsel. Counsel sometimes make remarks that are clearly inadmissible and unauthorized. I instruct you that that is one of that character which is to be disregarded, and whatever may have passed between him and Judge Smith upon the subject is not proper here, and could not be made the basis of a verdict. The verdict in the case is to be based upon the evidence of witnesses, and not those things."

It is thus seen that the circuit judge did all in his power to obviate the error committed by the prosecuting attorney. But it was impossible for him to eradicate the evil effect of such statement to the jury. The effect of such statement was to influence the jury to believe not only that Treat was guilty, but to destroy entirely the force of the argument which his counsel had made in his favor, and make it appear that he was rendering his client a merely perfuntory service; that while he was urging upon the jury the innocence of his client, the prisoner at the bar, he believed him to be guilty of the offense charged. No amount of caution that the jury should disregard such statement could prevent its having some weight with them. As a statement of fact it could not have been introduced in evidence against the prisoner, and, as made, could not be contradicted. It was admitted upon the argument that making such statement to the jury was erroneous. We have no way of ascertaining whether it was cured by the instruction of the court to the jury to disregard it.

For this error the conviction must be set aside, and a new trial ordered.

The other Justices concurred.