In the Matter of the Appeal of Nellie B. Lewis.

*Husband and wife—Tenancy by entirety—Divorce.*

1. A husband and wife take as tenants by *entirety*, and not as *joint tenants*, under a joint deed to both; and the estate thus created, with the attendant right of survivorship, is not affected by a decree of divorce.

2. The decision in *Dowling v. Salliotte*, 83 Mich. 131, in so far as it conflicts with the decisions in the cases of *Fisher v. Provin*, 25 Mich. 347; *Insurance Co. v. Resh*, 40 Id. 241; *Manwaring v. Powell*, Id. 371; *Jacobs v. Miller*, 50 Id. 124; *Vinton v. Beamer*, 55 Id. 561; and *Speier v. Opfer*, 73 Id. 38,—which hold that under our statute husband and wife, under a grant to them *jointly*, take by *entireties*, is overruled.[1]

Error to Lenawee. (Lane, J ) Argued January 13, 1891. Decided April 24, 1891.

Appeal from order of probate court licensing the sale of certain real estate. Judgment of circuit court, affirming that of probate court, reversed, and one entered in this Court for appellant. The facts are stated in the opinion.

*Weaver & Bean,* for appellant.

*Salsbury & O'Mealey,* for appellee.

---

[1] See *Auditor General v. Fisher*, 84 Mich. 128, 132, 134.

GRANT, J.     William W. Lewis and Nellie B. Lewis intermarried, and lived together as husband wife for some years prior to 1881, when she filed her bill for divorce. May 23, 1881, John Lewis, a brother of William, deeded to them a lot of land. The parties to the deed were described as follows:

" John Lewis, of the first part, and William Lewis and Nellie B. Lewis, his wife, as husband and wife, in entirety, of the second part."

The deed then conveyed—

"Unto the said parties of the second part in entirety, as husband and wife, and to the heirs and assigns of the survivor of them, forever;     *     *     *     to have and to hold the said premises, as described, to the said parties of the second part in entirety, to the sole and only proper use, benefit, and behoof of the said parties of the second part, their heirs and assigns, forever, in entirety."

Upon the execution of this deed the divorce proceedings were discontinued, and the parties resumed their marital relations, which they continued for some time, when she filed another bill for divorce, upon which a decree was granted her December 29, 1884. William died in May, 1885, leaving two children, the issue of said marriage. Letters of administration were duly issued upon his estate, and claims proved against it to the amount of $600. Upon the application of the administrator the probate court granted an order to sell the undivided one-half of the lands in controversy as belonging to the estate, for the purpose of paying the debts and expenses of administration. On appeal to the circuit court this decision was affirmed, and the case appealed to this Court.

The estate created by this deed was not an estate in joint tenancy, but an estate in entirety. A joint tenancy implies a seisin *per my et per tout,* while an estate in entirety implies only a seisin *per tout.* 4 Kent. Comm.

362. By the express terms of the deed the estate is declared not to be in joint tenancy, but in entirety. It is contended by the learned counsel for the appellee that the entirety of seisin of husband and wife in real estate, with the incident right of survivorship, cannot exist independent of the legal condition of unity of person on which it rests, and that a decree of divorce, which destroys the unity of person, destroys also the entirety of seisin; that the right of survivorship is destroyed by the decree; and that the parties then become tenants in common, seized in severalty of their respective moieties. We are cited, to support this doctrine, the following authorities: Freem. Co-Ten. § 76; 2 Bish. Mar. & Div. (5th ed.) § 716; *Ames v. Norman,* 4 Sneed, 696; *Harrer v. Wallner,* 80 Ill. 197; *Lash v. Lash,* 58 Ind. 526; *Baker v. Stewart,* 40 Kan. 442 (19 Pac. Rep. 904).

Freeman and Bishop cite, as supporting their text, the case of *Ames v. Norman.* In that case, decided in 1857, a creditor of the husband had levied upon his interest in the estate, which had been deeded to him and his wife. The question arose in a divorce proceeding brought by the wife, who, in her bill, prayed that the land be decreed to her as her absolute estate. The court held that tenancy by the entirety could not exist independent of the matrimonial union; that the creditor, by his purchase, became invested with the right of the husband as it existed at the time of the sale, viz., the right to occupy and enjoy the profits of the land during the joint lives of the husband and wife, subject to the contingency that, if the wife survive her former husband, his estate would then terminate. In commenting upon this case Mr. Bishop says:

"According to the Tennessee decision, the creditor took, not only what was the husband's, but something also which was the wife's. According to the author's

view, the-creditor and late wife were, after the divorce, tenants in common of the land for their joint lives, with remainder to the survivor."

It matters not, perhaps, so far as the wife's interest is concerned, whether this estate be denominated one in common, joint tenancy, or entirety, so long as the right of survivorship is maintained. This may account for the fact that, in some of the decisions, the terms "joint tenancy" and "tenancy by the entirety" are used interchangeably, when referring to this estate. Aside from the right of survivorship, the only other interest which the husband can hold, distinct from the wife, is a sort of life-interest, which some authorities have held he may convey away, and which may be seized and sold on execution. 1 Bish. Mar. Wom. § 621.

In *Harrer v. Wallner* the complainant had applied for a divorce and for a partition in the same bill, claimed alimony in the land, and to have her rights in it settled between her and her husband. The case expressly holds that by the divorce the estate was changed to a tenancy in common. After referring to the statute of that state destroying joint tenancies, the court say:

"The estate with the *jus accrescendi* is not being favored by our law, and, the termination of the marriage relation having worked a change in the rights of the parties in the estate, the courts should rather hold that the change is broad enough to convert it into an estate in common than to hold that, whatever change was made, it left the right of survivorship. But, on principle, we are satisfied the decree of divorce had the effect to make them tenants in common, and that appellee thereby became entitled to partition."

In *Lash v. Lash* the decision in *Harrer v. Wallner* is approved, but the estate by the entirety was sustained on the ground that the grantees, husband and wife, were declared by the deed to be joint tenants, with the right

of survivorship, and the heirs of the husband were held to have inherited nothing from the property.

Under these authorities it is far from being well settled that a divorce destroys the right of survivorship. It is said in 2 Bish. Mar. & Div. § 717:

" Property settled upon the husband or wife, or held by third persons for the benefit of either, remains usually after the divorce the same as before."

Also in 1 Washb. Real Prop. 425:

"If there be a divorce of the wife from the husband, she is restored to a moiety of the estate during the lives of the two, with the right of survivorship upon his death."

In *Babcock v. Smith*, 22 Pick. 61, the husband and wife conveyed her real estate to a trustee in trust for them both. The wife obtained a divorce for the misconduct of her husband, but the court held that the divorce did not change their relative rights in the land under the contract.

We see no reason in holding that a husband or wife can, by a violation of the marital obligations, obtain an interest in land which she or he does not possess while fulfilling such obligations. The common law should not, and in our judgment does not, permit a person thus to profit by his own gross wrong, and a violation of the most sacred obligation.

With one exception, the decisions of this Court are uniform that the statute (How. Stat. § 5561) has retained such grants to husband and wife as they exist at the common law. The doctrine in *Wait v. Bovee*, 35 Mich. 425, has no application here. In that case the right to the survivorship of personal property was alone involved, the question arising between the estates of husband and wife, both being dead. The Court held that the right of survivorship did not exist, but said:

"Our own decisións relative to the rights of husband and wife, in case of united holdings of real estate, afford no argument here."

Until the decision of *Dowling v. Salliotte*, 83 Mich. 131, decided at the last October term of this Court, no doubt could reasonably have been entertained as to the character of this estate under our prior decisions. In the case of *Fisher v. Provin*, 25 Mich. 347, it was admitted by counsel that, prior to the married woman's act, the common-law rule that husband and wife, receiving a joint conveyance of land, took as tenants by entirety, was the law of Michigan. The Court held—

"That there was nothing in the provisions of our Constitution and statutes relating to the rights of married women which would convert such estate into a tenancy in common."

In *Ætna Insurance Co. v. Resh*, 40 Mich. 241, the Court characterized this estate as neither a tenancy in common nor an ordinary joint tenancy, holding that, in case of the death of the husband, it went by survivorship to his wife. At the same term, in *Manwaring v. Powell*, Id. 371, appears the following language:

"But by our statute husband and wife, under a grant made to them jointly, take by entireties;" citing *Fisher v. Provin*, 25 Mich. 347.

In the well-considered case of *Jacobs v. Miller*, 50 Mich. 124, this Court reiterates the doctrine, and says that the husband and wife are seized of the entirety, and the survivor takes the whole; citing the above cases. In *Vinton v. Beamer*, 55 Mich. 561, in speaking of this estate, the Court says: "It was an entirety." The same is held in *Speier v. Opfer*, 73 Mich. 38, 39, decided in 1888, where the above cases are cited with approval, and in the opinion is the following language, viz.:

"During the lives of both, neither has an absolute

inheritable interest; neither can be said to hold an undivided half; they take by entireties; and at the death of the wife the whole passes at once to the husband. * * * Neither has such a separate interest that he or she could sell, incumber, or devise, or which his or her heir could inherit. * * * It is an entirety, in which both take the same and inseparable interest. Neither can affect the other's rights by a separate transfer."

In *Dowling v. Salliotte* the result reached by the Court was correct, and in accord with the decisions above cited. The wife survived the husband, and she was held to have taken by the right of survivorship. The deed did not recite that the two grantees named were husband and wife. The Court held that this fact could be shown by parol evidence. It became unnecessary, in the determination of that case, to decide whether the estate conveyed was one of joint tenancy or entirety. The result would have been the same in either case. It must be freely admitted that the language of that decision, in so far as it defines the nature of this tenancy, is in direct conflict with other decisions above cited. After a very careful examination of the whole subject, our conclusion is that the former decisions were correct, and that the case of *Dowling v. Salliotte* must, in so far as it is in conflict therewith, be overruled.

The judgment of the court below must be reversed, and judgment entered here for the appellant.

The other Justices concurred.