JERUSHA NAYLOR v. JOHN MINOCK.

*Mortgage—Husband and wife—Estates in entirety—Statutory foreclosure—After-acquired title.*

1. A mortgage executed by a wife upon land owned by herself and husband as tenants in the entirety, to secure the repayment to their son of money expended in the defense of his father on a criminal charge, and to be expended in his maintenance at an asylum to which he was about to be sent on his acquittal on the ground of insanity, is invalid in its inception to convey any estate, and is ineffectual to convey the title acquired by the wife on the death of the husband.

2. The following propositions are summarized from the opinion of Mr. Justice MONTGOMERY:

*a*—Neither a husband nor wife can convey the estate vested in them as tenants in the entirety by his or her sole deed, and any instrument by which either attempts to make such conveyance is void; citing *Fisher v. Provin*, 25 Mich. 347; *Insurance Co. v. Resh*, 40 Id. 241; *Manwaring v. Powell*, Id. 371; *Allen v. Allen*, 47 Id. 74; *Vinton v. Beamer*, 55 Id. 559; *In re Appeal of Lewis*, 85 Id. 340; 2 Bl. Comm. 182.

*b*—How. Stat. § 8506, which provides that a deed executed on the statutory foreclosure of a mortgage shall, in case of a failure to redeem, vest in the grantee all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter, is to be read into mortgages executed since its enactment as a part of the contract;[1] citing *Brayton v. Merithew*, 56 Mich. 166.

*c*—The married woman's act of 1855 confers upon the wife power only to contract and bind herself in relation to her prop-

---

[1] See *Brennan v. Eggeman*, 73 Mich. 658, where the foreclosure was in equity.

erty and estate already possessed, or referring to it, or in relation to property to be acquired by the contract, or in consideration of it; citing *Johnson v. Sutherland*, 39 Mich. 579; *Insurance Co. v. McClellan*, 43 Id. 564; *Reed v. Buys*, 44 Id. 82.

Appeal from Wayne. (Hosmer, J.) Argued April 13, 1893. Decided June 23, 1893.

Bill to restrain the statutory foreclosure of a mortgage. Defendant appeals. Decree affirmed. The facts are stated in the opinion.

*John D. Conely*, for complainant.

*F. A. Baker*, for defendant.

MONTGOMERY, J. A bill was filed in the Wayne circuit to restrain the statutory foreclosure of a mortgage. The relief prayed for was granted, and the defendant appeals.

James Minock and Bridget Minock were husband and wife. The land in question was conveyed to them on the 8th of June, 1846, by a deed in which they are named as grantees, as "James Minock and Bridget Minock, his wife." On the 15th of March, 1882, James Minock had been adjudged insane, and the defendant, his son, had become liable to pay the expenses incurred in his defense on a criminal charge, and to be incurred in maintaining him at the asylum.[1] With the expressed purpose of securing to defendant the repayment of these advances, Bridget Minock, on the 15th of March, 1882, executed the mortgage in question, which recites a consideration of $1,000 to the party of the first part, and provides:

"The party of the first part * * * has granted, bargained, sold, remised, released, enfeoffed, and confirmed, and by these presents does grant, bargain, sell, remise,

[1] James Minock was acquitted on his trial for murder on the ground of his insanity, and his son became responsible for his support at the asylum.

release, enfeoff, and confirm, unto the said party of the second part, and to his heirs and assigns, forever, all those certain pieces or parcels of land [a description of which follows], together with the hereditaments and appurtenances thereunto belonging, or in any wise appertaining.

"To have and to hold the above bargained premises unto the said party of the second part, and to his heirs and assigns, to the sole and only proper use, benefit, and behoof of the said party of the second part, his heirs and assigns, forever."

This grant is followed by the usual defeasance and power of sale, containing the further provision:

"And on such sale to make and execute to the purchaser or purchasers, his, her, or their heirs and assigns, forever, good, ample, and sufficient deed or deeds of conveyance in law, pursuant to the statute in such' case made and provided."

1. It will be seen that the mortgage does not purport to be given for the debt of the wife, but is given to secure obligations primarily those of her husband; nor was the mortgage given upon what was, at the time of its execution, her separate estate. She and her husband were tenants in the entirety, and neither could convey without the other joining in the conveyance. *Fisher v. Provin,* 25 Mich. 347; *Ætna Ins. Co. v. Resh,* 40 Id. 241; *Manwaring v. Powell,* Id. 371; *Allen v. Allen,* 47 Id. 74; *Vinton v. Beamer,* 55 Id. 559; *In re Appeal of Lewis,* 85 Id. 340.

2. It is contended, however, that the mortgage debt was wholly for necessaries furnished to James Minock, an insane person, for which his estate, or his right of survivorship in the farm, was clearly liable, and the giving of the mortgage by Bridget Minock bound her interest or right of survivorship, so that the mortgage was, from the beginning, a perfectly valid security. We do not think this contention can be allowed. The validity of the instrument as a conveyance of an interest in land cannot depend upon the question of whether the moral obligation of the husband to pay or secure the payment is greater or less.

3. It is next contended that, the mortgage evidencing an intent to convey the title to the property described subject to the defeasance, Mrs. Minock and her heirs are estopped from asserting an after-acquired title, and hence that, when, on her husband's death, the full title vested in her, the mortgage from that moment bound the estate. This contention is based both on the claim that such is the common-law doctrine of estopped by deed, and also that the statute (section 8506, How. Stat.) is effectual to estop Mrs. Minock and her heirs. This section, so far as is material to the question here, is as follows:

"Unless the premises described in such deed [referring to deed on foreclosure] shall be redeemed within the time limited for such redemption, as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter, except as to any parcel or parcels which may have been redeemed and canceled as hereinafter provided."

In *Brayton v. Merithew*, 56 Mich. 166, this statute was construed, and it was held that, as to one not under disability, the execution of a mortgage with this statute in force operated to pass, not only the estate actually owned by the mortgagor at the time, but an after-acquired title; or, in effect, that the statute is to be read into the mortgage, as a part of the contract. It is unnecessary, therefore, to determine what the rule would be in the absence of this statute. If this mortgage was, at its inception, such a contract as a married woman is entitled to enter into in this State, it must be held effectual to pass the title which vested in her at her husband's death. But herein lies the difficulty. As already stated, neither the husband nor the wife could convey the estate vested in them in the entirety, unless both joined, and any instrument by which either attempted to make such conveyance

would be void. See 2 Bl. Comm. 182, and cases above cited. The wife's power to make contracts is not general, but is statutory, and cannot be extended beyond the statutory limits. In the present case, as we have already pointed out, the attempt to convey the title which she held at the time in this property was ineffectual. Had she, in terms, contracted to bind an after-acquired estate, there is no authority, either at the common law or by the statute, by which she could have done so, for a consideration passing to another person. It has been repeatedly held that the statute of 1855 confers upon the wife power only to contract and bind herself in relation to her property and estate already possessed, or referring to it, or in relation to property to be acquired by the contract, or in consideration of it. See *Johnson v. Sutherland,* 39 Mich. 579; *Kenton Ins. Co. v. McClellan,* 43 Id. 564; *Reed v. Buys,* 44 Id. 82. See, also, as bearing indirectly upon the subject, *Hovey v. Smith,* 22 Mich. 170; *Kitchell v. Mudgett,* 37 Id. 81; *Carley v. Fox,* 38 Id. 389.

It follows, from the views expressed—First, that the mortgage was not valid, in its inception, to convey any estate; second, that it could not be effectual to pass an after-acquired title, because of the incapacity of the mortgagor.

The decree below was right, and will be affirmed, with costs.

The other Justices concurred.