ERNST v. ERNST.

1. HUSBAND AND WIFE — ESTATES BY ENTIRETY — DEEDS — QUIT-
   CLAIM BY WIFE—ESTOPPEL.
   By executing, to secure a loan, her sole quitclaim deed of
   property held by the grantor and her husband as an
   estate by the entirety, the wife conveyed no interest in
   the premises: nor did title inure to the benefit of the
   grantee by reason of the husband's death and the title
   thereafter acquired by his wife.[1]

2. SAME—EQUITY—LIEN—PURCHASE MONEY.
   No equitable lien on the property was created for the sum
   paid by the grantee of the joint property, in the absence
   of fraud or deception on the part of the grantor.

3. SAME—MAXIMS OF EQUITY—QUIETING TITLE.
   But it should be made conditional to equitable relief, in a
   suit to quiet title begun by the widow after her husband's
   decease, that she repay the consideration received for the
   deed.

Appeal from St. Clair; Law, J. Submitted October
8, 1913. (Docket No. 9.) Decided December 20,
1913.

Bill by Catherine Ernst against Peter Ernst to
quiet title to real property. Defendant filed a cross-
bill asking for an equitable lien. From a decree
for complainant, defendant appeals. Modified and
affirmed.

*Elmer E. Stockwell,* for complainant.

*Walsh & Walsh* and *C. L. Benedict,* for defendant.

KUHN, J. The bill of complaint is filed in this

[1] As to the effect of quitclaim deed upon after-acquired title,
generally, see note in 35 L. R. A. (N. S.) 1182.
  The authorities on the general question of tenancy by the
entireties are reviewed in an extensive note in 30 L. R. A. 306.

cause for the purpose of removing a cloud from the title of lands which, on the 9th day of December, 1881, were owned by the complainant and her husband, Frederick W. Ernst, as tenants by entirety. On that day the complainant executed to the defendant and cross-complainant, her stepson, a quitclaim deed of the land, for which he gave her $175. Mrs. Ernst and her husband occupied the land up to the date of her husband's death, January 26, 1910, and she is still in possession through a tenant. She claims that she obtained the $175 as a loan, for which she gave the deed as security, and that she repaid the loan in 1893 by conveying other property to the defendant. It is the claim of the defendant and cross-complainant that he purchased the interest of Mrs. Ernst in the land described in the quitclaim deed, and as a consideration gave her the $175. In his cross-bill he asks the court to decree that this deed placed him in the same position as to the title to the land as that in which Mrs. Ernst stood before the deed was given, and that on the death of Frederick W. Ernst he became the sole owner. He further asks that, if the deed did not convey legal title to the land, the court find that it created an equitable lien which became enforceable on the death of Frederick W. Ernst. The circuit judge held that under the decisions of this court:

"The quitclaim deed of December 9, 1881, * * * conveyed no present title, because Mrs. Ernst had no title that she could convey by her sole act. Neither could she create an incumbrance in this way. *Vinton* v. *Beamer,* 55 Mich. 559 [22 N. W. 40] ; *In re Appeal of Lewis,* 85 Mich. 340 [48 N. W. 580, 24 Am. St. Rep. 94] ; *Naylor* v. *Minock,* 96 Mich. 182 [55 N. W. 664, 35 Am. St. Rep. 595]."

He made the following supplementary findings of facts, which an examination of this record shows are fully warranted by the evidence:

"*First,* that the quitclaim deed from Catherine L. Ernst to Peter Ernst, executed in December, 1881, was intended by the parties as a conveyance of the interest Catherine L. Ernst had in the land herein described to Peter Ernst; *second,* at the time of the execution of the quitclaim deed described in the first paragraph of this finding, Peter Ernst paid Catherine L. Ernst the sum of $175, as a consideration for the interest which they supposed the deed conveyed, which sum has not been repaid to Peter Ernst."

The circuit judge held the deed void, and made a decree granting the prayer of complainant's bill. Counsel for defendant and cross-complainant concede in this court that the deed is void, but contend that an equitable lien for the amount paid by the defendant to the complainant should be decreed, and, in the event that this cannot be done, that the payment of this sum by the complainant to the defendant be made a condition precedent to granting relief to the complainant.

The quitclaim deed did not convey the land itself, but merely the interest which the grantor had therein, and the purchaser under this deed did not obtain any better title than that held by the grantor. *Hughes* v. *Jordan,* 118 Mich. 27 (76 N. W. 134). And it necessarily follows that a subsequently acquired title did not pass to the grantee. *Frost* v. *Missionary Society,* 56 Mich. 62 (22 N. W. 189) ; *Fay* v. *Wood,* 65 Mich. 390 (32 N. W. 614) ; *Gadsby* v. *Monroe,* 115 Mich. 282 (73 N. W. 367).

The complainant, at the time she gave the deed, had no right, title, or interest in the land which she could, by her sole act, incumber in any way, and to hold that the defendant obtained an equitable lien at the time of taking the deed would, in effect, be giving him a mortgage, which it is clear she could not do. He does not claim that he was defrauded or deceived, and, according to his own version, he knew the kind of deed he received and was willing to ac-

cept it. The circuit judge was correct in holding that no equitable lien was established.

The complainant, however, has come into a court of equity for relief, and under the familiar axiom that he who seeks equity must do equity, it does seem that relief should not be granted complainant without requiring her to repay what has been paid her. We are satisfied that she received the $175, and has not repaid the sum to the defendant, as found by the circuit judge. The relief she prays for. should be made conditional upon repayment by her to the defendant of the $175 and interest thereon at the legal rate from the time of the payment.

The decree of the court below will be modified accordingly, with costs to the defendant.

STEERE, C. J., and MOORE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.