LEOPOLD ACKERMAN, EXECUTOR, ESTATE OF MELVILLE E. ACKERMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17910.   Promulgated February 27, 1929.

*Herbert N. Arnstein, Esq.*, for the petitioner.
*L. S. Pendleton, Esq.*, for the respondent.

OPINION.

LITTLETON: The petitioner contends that since the amounts received by the widow as beneficiary were receivable only by reason of the accident which resulted in the decedent's death, these amounts were not receivable "under policies taken out by decedent upon his own life" and therefore should not be included in the value of his gross estate for estate-tax purposes. Section 302 (g) of the Revenue Act of 1924 provides as follows:

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*  \*  \*  \*  \*  \*  \*

(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

As we understand the executor, the interpretation which he would have us place upon the foregoing provision is that the words "policies taken out by the decedent upon his own life" refers to "life insurance" in the ordinary meaning of that term, and can not include "accident insurance" and insurance receivable under the double indemnity provision of ordinary life policies. With this we can not agree. It is well recognized that there is a distinction between life insurance and accident insurance, the former insuring against death in any event and the latter (where accidental death policies are involved) against death under certain contingencies, but we fail to see why one is not taken out upon the life of the policyholder as much as the other. In each case the risk assumed by the insurer is the loss of the insured's life, and the payment of the insurance money is contingent upon the loss of life.

A general statement as to the relationship between life and accident insurance is found in 1 Corpus Juris 404, as follows:

It has been considered that accident insurance is akin to life insurance; and essentially the same principles underlie, and the same rules govern both kinds of insurance, and indeed, where an accident policy, in addition to the usual provision for indemnity against loss by reason of bodily injury by accidental causes, stipulates for the payment of a certain sum to a person named in case of the death of the insured by accident, it would seem clear that it is, in that aspect, a "life insurance policy" or "policy of insurance on life" as those terms are used in statutes relating to such policies. \* \* \*

In support of the foregoing statement, *Logan* v. *Fidelity & Casualty Co.*, 146 Mo. 114; 47 S. W. 948, is cited, wherein the court said:

\* \* \* The calling of a contract of insurance an "accident," "tontine," or "regular" life policy, or, for that matter, by any other appellation that may be adopted for business or conventional uses or classification, cannot make a policy containing an agreement to pay to another a sum of money designated upon the happening of an unknown or contingent event, depending upon the existence of life, less a policy of insurance on life. Insurance on life includes all policies of insurance in which the payment of the insurance money is contingent upon the loss of life. \* \* \*

The argument advanced that, since prior rulings of the Commissioner recognize a distinction between life and casualty insurance,

the enactment of this provision must be presumed to have been made in the light of this distinction, overlooks the fact that the interpretations to which we are referred were in connection with section 503 of the Revenue Act of 1918, where the statute itself makes a distinction between life and casualty insurance, as well as marine insurance. Section 503, *supra*, provided for a tax on insurance companies upon the issuance of insurance policies and stated specifically the rates applicable in the cases of the different types of policies. The same Act, however, contained the identical provision which we are now considering under the 1924 Act with respect to estate tax, and used the general term " insurance upon his own life." The more reasonable view would seem to be that, since we have in one part of the Act a distinction made between the different types of insurance policies and in another a general term which would well include two of these types, Congress would not have used the general term had it intended that it should be applicable to only one class. The provisions of section 302 (g) are broad enough to include both classes of insurance and we find nothing which would permit us, even under the general rule of resolving doubts in the construction of taxing statutes against the Government and in favor of the taxpayer, to exclude amounts received as accident insurance from its application.

Reviewed by the Board.

*Judgment will be entered for the respondent.*