DISTRICT & SECURITY TRUST CO. ET AL., EXECUTORS, ESTATE OF EDWARD C. VAN HUSAN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27008.    Promulgated June 25, 1930.

*James K. Watkins, Esq.*, for the petitioners.
*Ralph S. Scott, Esq.*, and *Edwin N. Neiss, Esq.*, for the respondent.

OPINION.

McMAHON: The sole question before us is whether or not, under the laws of Michigan, the income from real property held by husband and wife as tenants by the entirety belongs to the husband.

It has been held by the courts of the State of Michigan that a tenancy by the entirety is a creation of the common law and has not been abolished or affected by the " Married Woman's Act." *Appeal of Lewis*, 85 Mich. 340; 48 N. W. 580; *Morrill* v. *Morrill*, 138 Mich. 112; 101 N. W. 209; *Way* v. *Root*, 174 Mich. 418; 140 N. W. 577. In the *Morrill* case, the Supreme Court of Michigan, in holding that the husband has, under a tenancy by the entirety, the full control and disposition of the profits arising out of land and that the wife could not compel the husband to account for such profits, stated in part:

Two questions are raised by this appeal: First, Has the wife a right to a share of the crops growing on lands held by her and her husband as tenants by the entirety? If the wife has a right to compel her husband to account for a share of the crops on land held by entireties when they are living separate, as in this case, she cannot be denied that right when they are living together. If she has such a right, it becomes important to determine where she obtained it. The common law certainly gave her no such right; for, according to its principles, the exclusive right to dispose of the crops and use the proceeds as he saw fit belonged to the husband. See *Pray* v. *Stebbins*, 141 Mass. 219, 4 N. E. 824, 55 Am. Rep. 462; *Buttlar* v. *Rosenblath*, 42 N. J. Eq. 651, 9 Atl. 695, 59 Am. Rep. 52; *Bertles* v. *Nunan*, 92 N. Y. 152, 44 Am. Rep. 361. It follows, therefore, that if the wife has that right now she obtained it as the result of some statute of this state. The only statute which it can be claimed has any bearing on this subject is our married woman's act. Section 8690, Comp. Laws 1897. I think it must be conceded that the decisions of this court have determined that this statute has no application to estates by entirety. See *Fisher* v. *Provin*, 25 Mich. 347; *Vinton* v. *Beamer*, 55 Mich. 559, 22 N. W. 40; *Speier* v. *Opfer*, 73 Mich. 35, 40 N. W. 909, 2 L. R. A. 345, 16 Am. St. Rep. 556; *Naylor* v. *Minock*, 96 Mich. 182, 55 N. W. 664, 35 Am. St. Rep. 595; *Dickey* v. *Converse*, 117 Mich. 449, 76 N. W. 80, 72 Am. St. Rep. 568; *Doane* v. *Feather's Estate*, 119 Mich. 691, 78 N. W. 884.

Accordingly, since the husband has the full control and disposition of the income from the land held as a tenant by the entirety, it follows that the entire amount of such income is taxable to him.

Reviewed by the Board.

*Judgment will be entered for the respondent.*