LUMAN W. GOODENOUGH, EXECUTOR AND TRUSTEE UNDER THE WILL OF PHILIP H. GRAY, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32059. Promulgated October 31, 1933.

*Russell A. McNair, Esq.*, for the petitioner.
*F. T. Horner, Esq.*, for the respondent.

OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency in estate tax in the amount of $27,659.45. Numerous allegations stated in the petition have either been waived by the petitioner or conceded by the respondent. By an answer to the amended petition as amended, filed with the Board on November 20, 1929, the respondent seeks to increase the deficiency determined. Allegation 6 (c) of the answer to the amended petition as amended has been withdrawn by the respondent. The points in issue for the determination of the Board are:

(1) Whether there should be included in the gross estate $27,500 representing the value at the date of the death, of the decedent of property held by the decedent and his wife in a tenancy by the entirety, which property was acquired by the decedent and his wife on July 27, 1915.

(2) Whether the gross estate should be increased by adding thereto $1,103.57 compensation insurance paid to the executors of the estate on account of the decedent's last illness under an accident and health policy carried with the London Guarantee & Accident Co., Ltd.

(3) Whether there should be included in the gross estate $25,000, representing real estate designated in the estate tax return on Form 76 as lot #366 and west 10 feet of lot 365 Voigt Park Subdivision of E. W. Voigt and known as #658 Longfellow Avenue. This property was returned by the estate at a value of $25,000 and was erroneously excluded from the gross estate by the respondent in determining the deficiency involved in this proceeding.

By warranty deed dated July 27, 1915, recorded August 18, 1915, in Liber 1062 of Deeds, page 183, Wayne County, Michigan Records, Harry Stormfeltz conveyed lots 210, 211, 173, 174 and 175 to Philip H. Gray, and Almena S. Gray, his wife. No conveyance was made by Philip H. Gray and Almena S. Gray, his wife, or either of them, of any of said lots prior to the date of the death of the deceased, namely, November 25, 1922.

Where the parties named in a deed are husband and wife under a deed to both, they take as tenants by the entirety under the laws of Michigan. *In re Appeal of Lewis*, 85 Mich. 340; 48 N.W. 580; *Midgley* v. *Walker*, 101 Mich. 583; 60 N.W. 296; *Naylor* v. *Minook*, 96 Mich. 182; 55 N.W. 664; *Bassett* v. *Budlong*, 77 Mich. 348; 43 N.W. 984; *Fisher* v. *Provin*, 25 Mich. 347. Even though the deed does not designate them as husband and wife, the tenancy is one of entirety if they are in fact husband and wife. *Auditor General* v. *Fisher*, 84 Mich. 128; 47 N.W. 574.

Petitioner admits that, if this property had been acquired by the decedent and his wife subsequent to the effective date of the Revenue Act of 1916, the amount would constitute a part of the gross estate of the decedent. *Phillips* v. *Dime Trust & Safe Deposit Co.*, 284 U.S. 160. It is also admitted, on the authority of *Third Nat. Bank & Trust Co.* v. *White*, 45 Fed. (2d) 1085; affd., 287 U.S. 577, that if the decedent had died on or after June 2, 1924, the value of this property would have constituted a part of the gross estate by virtue of section 302 (h) of the Revenue Act of 1924, which provides:

(h) Subdivisions (b), (c), (d), (e), (f), and (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act.

It is contended, however, that there is no corresponding provision of the Revenue Act of 1921, and that that act is not to be given such an interpretation as would include in the gross estate the value of the property held by a decedent and his wife as tenants by the entirety, which estate was acquired prior to the effective date of the Revenue Act of 1916, and where, as here, the decedent died prior to June 2, 1924, the effective date of the Revenue Act of 1924. In making this argument the petitioner relies principally upon *Shwab* v. *Doyle*, 258 U.S. 529, and *Knox* v. *McElligott*, 258 U.S. 546. In the first mentioned case the question in issue was whether the value of the property transferred by the decedent in 1915 should be included in the gross estate of one dying in 1916 after the effective date of the Revenue Act of 1916, on the ground that the transfer was made in contemplation of death. The evidence before the court showed that the transfer was made in contemplation of death. The Supreme Court held that the value of the transferred property was not includable in the gross estate. In the course of its opinion the Supreme Court stated:

The initial admonition is that laws are not to be considered as applying to cases which arose before their passage unless that intention be clearly declared. * * * *Story*, Const. § 1398. The comment of Story is:

"Retrospective laws are, indeed, generally unjust, and, as has been forcibly said, neither accord with sound legislation nor with the fundamental principles of the social compact."

* * * * * * *

The Act of September 8, 1916, is within the condemnation.

There is certainly in it no declaration of retroactivity, "clear, strong, and imperative," which is the condition expressed in *United States* v. *Heth*, 3 Cranch, 399, 413 * * *

The Court further stated:

* * * We need only say that we have given careful consideration to the opposing argument and cases, and a careful study of the text of the act of

Congress, and have resolved that it should be not construed to apply to transactions completed when the act became a law. And this, we repeat, is in accord with principle and authority. It is the proclamation of both that a statute should not be given a retrospective operation, unless its words make that imperative and this cannot be said of the words of the Act of September 8, 1916.

In *Knox* v. *McElligott, supra*, the facts were that certain bonds and mortgages had been conveyed to decedent and his wife in 1912. The decedent died in 1917. In the estate tax return the executor had included only one half of the jointly owned property and the respondent endeavored to include the whole value. The Supreme Court, after setting forth the facts in the case, as above, stated:

It will be observed, therefore, that this case involves the same question as that decided in *Shwab* v. *Doyle*, * * * and on the authority of that case the judgment of the Circuit Court of Appeals is reversed and the case remanded for further proceedings in accordance with this opinion.

The logic of the petitioner's argument is that if the decedent in the case of *Knox* v. *McElligott, supra*, had died in 1922, the decision of the Supreme Court would have been the same; for there is no provision of the Revenue Act of 1921 corresponding to section 302 (h) of the Revenue Act of 1924 making the provisions of the 1921 law, as they relate to estates in joint tenancy, inclusive of such estates created prior to the effective date of the Revenue Act of 1916. It is further argued that estates by the entirety stand upon the same plane as estates in joint tenacy. The petitioner also directs attention to the case of *Gwinn* v. *Commissioner*, 287 U.S. 224, in which the court had under consideration the question of the taxability of the decedent's half interest in joint (not entirety) property which had been acquired in 1915, the death occurring October 5, 1924. In that case the Supreme Court followed the rule laid down in *Tyler* v. *United States*, 281 U.S. 497, and held that the decedent's half interest in the joint property was properly included in the gross estate. The Court stated:

The right to effect these changes in the estate was not terminated until the cotenant's death. Cessation of this power *after enactment of the Revenue Act of 1924* presented proper occasion for imposition of the tax. [Italics supplied.]

The significance of the clause in italics in the last citation indicates that the Supreme Court expressly reserved the question as to whether the decedent's interest in the jointly owned property would be includable in the gross estate if the death had occurred prior to the effective date of the Revenue Act of 1924. In *Phillips* v. *Dime Trust & Safe Deposit Co., supra*, the Court stated:

But it is urged that the tax imposed with respect to groups 2 and 3 is invalid. As the creation of the tenancies by the entirety antedated the taxing act, and the earlier corresponding sections had been repealed, it is insisted that the

statute is given a retroactive operation, such as that condemned by this Court in *Nichols* v. *Coolidge*, 274 U.S. 531, 47 S.Ct. 710, 71 L.Ed. 1184, 52 A.L.R. 1081; *Untermyer* v. *Anderson*, 276 U.S. 440, 48 S.Ct. 353, 72 L.Ed. 615; *Coolidge* v. *Long*, 282 U.S. 582, 51 S.Ct. 306, 75 L.Ed. 562. As section 302 (h) of the Act of 1924 (26 USCA § 1094 note) specifically makes the quoted provision of subdivision (e) applicable to estates created or existing before the passage of the statute, the question presented is not one of its construction or applicability, but of the power of Congress to impose the tax. The government argues that the tax was laid on the devolution of rights upon the wife at the death of her husband after the passage of the act, and that therefore the statute was not applied retroactively, even though the estate was created before its enactment. *Without foreclosing consideration of this contention at another time, we find it unnecessary now, in view of the facts of the present case, to pass upon it.* [Italics supplied.]

Upon principle it is difficult to see how the estate tax laws are being retroactively applied by including in the gross estate the value of a decedent's interest in either jointly owned property or in entirety property where the death has occurred after the effective date of either the Revenue Act of 1916, the Revenue Act of 1918, or the Revenue Act of 1921. For, as was held in *Tyler* v. *United States*, *supra*, "the death of one of the parties to the tenancy became the 'generating source' of important and definite accessions to the property rights of the other," and warranted the imposition of the estate tax upon such property. How, therefore, can it be said that the law is being retroactively applied by including in the gross estate the value of a decedent's interest in jointly owned property or in entirety property regardless of the date when such estates were created? It was held, however, in *Knox* v. *McElligott*, *supra*, that, where an estate in joint tenancy was created prior to the effective date of the Revenue Act of 1916, the value of jointly owned property could not be taxed under the provisions of the Revenue Act of 1916. We think for reasons above stated that the same is true under the provisions of the Revenue Act of 1921, and that the same rule must apply to estates by the entirety. The opinion of the court in the *Knox* case has never been overruled or reversed. That decision is an insurmountable bar to the inclusion in the gross estate in the instant proceeding of the value of the entirety property acquired by the decedent and his spouse prior to the effective date of the Revenue Act of 1916. The contention of the petitioner upon this point is therefore sustained.

The evidence shows that the decedent held a policy issued by the London Guarantee & Accident Co., Ltd., under which his executor, after his death, received $1,103.57 to cover a personal illness which the decedent suffered prior to his death. As the amount was paid pursuant to a valid claim of the decedent arising prior to his death, the value of the claim at date of death is a part of his gross estate.

*Leopold Ackerman, Executor*, 15 B.T.A. 635. The contention of the respondent upon this point is sustained.

The final issue relates to an alleged failure on the part of the respondent to include in the value of the gross estate $25,000 representing the value of certain property held by the decedent and his wife at the date of death. The failure of the respondent to include it in his computation was an error in the computation. The contention of the respondent upon this point is sustained.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MORRIS, STERNHAGEN, and MURDOCK dissent.