LUMAN W. GOODENOUGH, EXECUTOR AND TRUSTEE UNDER THE WILL OF PHILIP H. GRAY, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32059. Promulgated March 13, 1934.

*Russell A. McNair, Esq.*, for the petitioner.
*F. T. Horner, Esq.*, for the respondent.

### OPINION.

SMITH: On October 31, 1933, the Board promulgated its opinion in the above entitled proceeding, holding that the value of entirety property acquired in 1915 was not includable in the gross estate of the decedent, who died November 25, 1922. On January 24, 1934, the respondent filed a motion:

\* \* \* that the Board enter an order vacating and setting aside its decision promulgated October 31, 1933, and its final order of redetermination entered December 29, 1933, in the above-entitled case, and set this case down for reargument on the merits upon the basis of the record heretofore made, \* \* \*

The principal reason advanced in support of the motion is that the Board's opinion is in conflict with the opinion of the Supreme Court in *Griswold* v. *Helvering*, 290 U.S. 56, which was handed down after the Board had entered its opinion in the above entitled proceeding. The premises considered, it is deemed unnecessary to calendar the motion for argument. In its opinion the Board relied particularly upon the language of the Supreme Court in *Knox* v. *McElligott*, 258 U.S. 546. In the *Griswold* case the Supreme Court stated:

The decedent died in 1923, while the foregoing provision was in effect. At the time of his death he and his wife held as joint tenants certain real estate in Illinois, title to which vested in them, by conveyance on October 5, 1909. The commissioner valued this real estate at $90,000, and included the whole of it in the value of decedent's gross estate as being within the reach of § 402 (d). Upon appeal to the Board of Tax Appeals, that tribunal, disapproving in part the commissioner's determination, held that the value of only decedent's one-half of the property could be included for the purposes of the tax. 23 B.T.A. 635. The circuit court of appeals affirmed. 62 F. (2d) 591.

Whether this application of the statute gives it a retroactive effect is the sole question here involved; and with that we find no difficulty. Under the statute the death of decedent is the event in respect of which the tax is laid. It is the existence of the joint tenancy at that time, and not its creation at the earlier date, which furnishes the basis for the tax. By the judgment under review, only half of the value, that is to say, the value of decedent's

interest, has been included, leaving the survivor's interest unaffected. After the creation of the joint tenancy, and until his death, decedent retained his interest in, and control over, half of the property. Cessation of that interest and control at death presented the proper occasion for the imposition of a tax. See *Gwinn* v. *Commissioner*, 287 U.S. 224, and cases cited. And since that is all that is sought to be reached by the tax here in question, the complaint that the statute has been given a retroactive application obviously is without substance. The statute as applied does not lay a tax in respect of an event already past, but in respect of one yet to happen.

Petitioners insist that *Knox* v. *McElligott*, 258 U.S. 546, is to the contrary, but, clearly, it is not. There the tax return included the value of decedent's one-half of the jointly owned property but did not include the value of the half which had been owned and enjoyed by the surviving joint tenant. Nevertheless, the commissioner undertook to impose a tax in respect of the value of this latter half as well. This court held that to do so was to apply the statute retroactively, and that this, under the circumstances of that case, could not be done. It did not hold, or intend to hold, that the statute was retroactive in so far as the value of the decedent's half of the joint estate was concerned. That question was not there involved. It is the only question here.

The above quoted opinion was concerned with an estate in joint tenancy created prior to the effective date of the Revenue Act of 1916, while that involved in the proceeding at bar is an estate by the entirety. We are of opinion, however, that the principle enunciated is equally applicable to estates by the entirety. It is the existence of such an estate at the date of death, and not its creation at an earlier date, which furnishes the basis for the tax. In view of the ruling of the Supreme Court upon this point, the opinion of the Board promulgated in this proceeding on October 31, 1933, 29 B.T.A. 211, is modified to the extent of holding that the value of the entirety property is includable in the gross estate.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*