ESTATE OF RICHARD A. HENRY, DECEASED, GERALD C. OPGENORTH, PERSONAL REPRESENTATIVE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Henry v. Commissioner
Docket No. 12210-85.
United States Tax Court
T.C. Memo 1987-119; 1987 Tax Ct. Memo LEXIS 115; 53 T.C.M. (CCH) 290; T.C.M. (RIA) 87119; March 4, 1987. Larry I. Hanson, for the petitioner. Mark J. Miller and Nelson E. Shafer, for the respondent. WELLS
MEMORANDUM OPINION WELLS, Judge*: Respondent determined a deficiency in petitioner's Federal estate tax in the amount of $42,437.00. After concessions, the issues for decision are: (1) whether the proceeds of two group term life insurance policies owned by petitioner's employer are includable in petitioner's gross estate where petitioner retained the right to designate the beneficiary; and (2) if so, the amount to be included. The case was submitted fully stipulated. The stipulation of facts and exhibits thereto are incorporated *116 herein by reference. At the time of his death, Richard A. Henry (hereinafter referred to as the "decedent") was a resident of Reedsburg, Wisconsin. At the time of the filing of the petition in this case, Gerald C. Opgenorth, the personal representative of the decedent's estate, was a resident of Madison, Wisconsin. From August 1, 1980 until his death, the decedent was a pathologist, employed by Consultant Physicians in Pathology, S.C. On May 17, 1981, the decedent died after an accidental fall on the steps outside of his home. At the time of his death the decedent was insured under two group term life insurance policies as follows: Accidental
Policy
Face Amount
Death Benefit
1. Rural Security Life Insurance
$ 5,000.00
$ 5,000.00
Policy G-321-055
(the "Rural Security Policy")
2. Manufacturers Life Insurance
$100,000.00
$100,000.00
Policy GT12407-00-3
(the "Manufacturers Policy")
The Rural Security Policy was part of a group policy and was owned by Consultant Physicians in Pathology, S.C. The terms of the Rural Security Policy provide in part: "The Employee may change the beneficiary from time to time without the beneficiary's consent *117 by filing a written notice of such change through the Employer." Thus, under the terms of the Rural Security Policy the decedent had the right to designate the beneficiary of the insurance policy. He retained this right until his death. The Rural Security Policy was issued on September 1, 1980 and was in force at the time of the decedent's death. The decedent designated Diane L. Henry, his wife, as the beneficiary of the Rural Security Policy. Pursuant to that designation upon the decedent's death Mrs. Henry received the proceeds. The Manufacturers Policy was also part of a group policy and was owned by Consultant Physicians in Pathology, S.C. The terms of the Manufacturers Policy provide in part: "An employee, by written notice in form satisfactory to the Insurance Company, can designate a beneficiary or beneficiaries for the insurance due under the policy on his death, and can similarly change the beneficiary designation from time to time." Thus, under the terms of the Manufacturers Policy the decedent was entitled to designate the beneficiary. He retained this right until his death. The Manufacturers Policy was issued on September 6, 1980 and was in force at the time of *118 the decedent's death. The decedent designated Diane L. Henry, his wife, as beneficiary of the Manufacturers Policy. Pursuant to that designation upon the decedent's death Mrs. Henry received the proceeds. The Manufacturers Policy and Rural Security Policy were purchased by Consultant Physicians in Pathology, S.C. as part of the decedent's compensation. Petitioner contends that neither the Rural Security Policy nor the Manufacturers Policy are includable in the decedent's gross estate for Federal estate tax purposes. Additionally, petitioner contends that even if the basic benefits of the policies are includable in the decedent's gross estate, the additional accidental death benefit payable with respect to the Manufacturers Policy is not includable. [1] Respondent contends that the basic benefits and the additional accidental death benefits payable with respect to both policies are includable in the decedent's gross estate for Federal estate tax purposes. *119 We agree with respondent. Under section 2042(2), [2] the proceeds of life insurance are includable in the decedent's gross estate if he possessed any incidents of ownership at his death. It is well settled that the retention of the right to designate the beneficiary of an insurance policy is an incident of ownership within the meaning of section 2042(2). Piggott's Estate v. Commissioner,340 F.2d 829, 836 (6th Cir. 1965), affg. a Memorandum Opinion of this Court; Estate of Perl v. Commissioner,76 T.C. 861, 863 (1981); section 20.2042-1(c)(2), Estate Tax Regs. [3] The regulations under section 2042(2) are based upon the report of the House Ways and Means Committee, which states as follows: There is no specific enumeration of incidents of ownership, the possession of which at death forms the basis for inclusion of insurance proceeds in the gross estate, as it is impossible to include an exhaustive list. Examples of such incidents are the right of the insured or his estate to the economic benefits of the insurance, the power to change the beneficiary, the power to surrender or cancel the policy, the power to assign it, the power to revoke an *120 assignment, the power to pledge the policy for a loan, or the power to obtain from the insurer a loan against the surrender value of the policy. Incidents of ownership are not confined to those possessed by the decedent in a technical legal sense. * * * [H. Rept. No. 2333, 77th Cong., 1st Sess. (1942), 1942-2 C.B. 372, 491. Emphasis supplied.] The facts here fit squarely within Estate of Perl v. Commissioner,supra, which involved the proceeds of an insurance policy purchased by the decedent's employer as a part of an employee benefits program. There, we held that the fact that the decedent retained until his death the power to designate the beneficiary of his insurance caused the proceeds to be includable in his estate under section 2042(2). Pursuant to the terms of the Rural Security Policy and the Manufacturers Policy the decedent was given the right to change the beneficiary on each policy until his death. Thus, the *121 decedent possessed an incident of ownership with respect to each policy at his death and the proceeds of each policy are includable in the decedent's gross estate under section 2042(2). Petitioner argues that the policies should not be included in the decedent's gross estate because both policies contain provisions allowing the employer to amend or to cancel the policy without the consent of the insured. Citing Estate of Margrave v. Commissioner,71 T.C. 13 (1978), affd. 618 F.2d 34 (8th Cir. 1980), petitioner argues that the decedent did not possess any incidents of ownership because the decedent's power to designate the beneficiary could have been "overpowered" at any time by his employer's right to amend or cancel the policies. Margrave is inapposite to the instant case. In Margrave, Robert Margrave set up a revocable trust, naming the bank as trustee. Mr. Margrave's wife purchased an insurance policy on his life. As owner of the policy, Mrs. Margrave had all the benefits and rights under the policy, including the right to designate the beneficiary. She designated the trustee of her husband's revocable trust as the beneficiary. Mr. Margrave *122 subsequently died. The Commissioner argued that Mr. Margrave possessed incidents of ownership in the policy because he controlled the revocable trust that was to receive the proceeds as beneficiary. We rejected this argument, holding that Mrs. Margrave could have changed the beneficiary until Mr. Margrave's death, so Mr. Margrave had no control over whether or not the trust received the funds until the right vested upon his death. When Mr. Margrave died, the terms of the trust became fixed and he could no longer control the disposition of the proceeds. The Eighth Circuit Court of Appeals affirmed our decision in Margrave.
In the instant case, the decedent possessed directly the right to designate and change the beneficiary with respect to both policies. The decedent exercised this right and named his wife as beneficiary. Until his death, he could have changed the beneficiary at any time. Upon the decedent's death, Mrs. Henry received the proceeds as the decedent's designated beneficiary. In contrast to the facts here, Mr. Margrave could not have conferred any benefits on anyone under the policy at the time of his death since it was Mrs. Margrave who had the sole right to *123 designate the beneficiary of the policy. While the decedent's employer was in fact designated as the owner of the policy, ownership of the policy in the technical legal sense is not necessary in order to find that the decedent retained incidents of ownership. H. Rept. No. 2333, supra, 1942-2 C.B. at 491; section 20.2042-1(c)(2), Estate Tax Regs. Even where the taxpayer only retained the right to veto the designation of the beneficiary, we held the proceeds to be includable in the decedent's gross estate. Schwager v. Commissioner,64 T.C. 781 (1975). Petitioner raises an alternative argument that the decedent did not possess any incidents of ownership with respect to the double indemnity portion of the proceeds "because [the decedent] could not ensure that his death would be accidental." [4] This issue is also well settled. The double indemnity feature of the insurance is, in effect, accidental death insurance, which is life insurance within the meaning of section 2042. Commissioner v. Estate of Noel,380 U.S. 678 (1965); Estate of M. E. Ackerman v. Commissioner,15 B.T.A. 635 (1929). Since the decedent had the right to *124 designate the beneficiary of the amounts payable with respect to the double indemnity clause, he possessed an incident of ownership in the accidental death benefits. Thus, the amounts received with respect to the accidental death benefits are also to be included in the decedent's gross estate. To reflect the foregoing, A decision will be entered for the respondent.
Footnotes
*. By order of the Chief Judge this case was assigned to Judge Wells for decision and opinion.↩
1. Petitioner contends that the additional accidental death benefit payable with respect to the Manufacturers Policy is not includable in decedent's gross estate for Federal estate tax purposes but does not so argue regarding the additional accidental death benefit payable with respect to the Rural Security Policy. Our determination, as discussed infra,↩ is applicable to both policies.
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect at the time of the decedent's death. ↩
3. See also Estate of Riefberg v. Commissioner,T.C. Memo. 1982-70↩.
4. See footnote 1.↩